PEOPLE v FRANKLIN

Docket No. 50574. Submitted November 3, 1980, at Lansing.—Decided December 16, 1980.

Gwendolyn Franklin was convicted, on her pleas of guilty, of delivery of less than 50 grams of heroin and being a seventh offender under the habitual offender statute, in Ingham Circuit Court, James T. Kallman, J. Defendant appeals, alleging that the controlled substances provisions of the Public Health Code violate the title-object clause of the Michigan Constitution and that her guilty plea was the result of an illusory sentence agreement in that her conviction was for an offense contained in article 7 of the Public Health Code and her sentence could only be enhanced under the provisions of that article and not under the general habitual offender statutes. She further contends that since none of her prior convictions were for drug-related offenses no enhancement was possible. *Held:*

1. The controlled substances provisions of the Public Health Code do not violate the title-object clause of the Michigan Constitution.

2. The sentence enhancement provisions of the Public Health Code concerning controlled substances are applicable only to an individual who has at least one prior conviction on a drug-related offense. An individual with at least one prior conviction for a nondrug-related offense is subject to the sentence enhancement provisions of the general habitual offender statutes. Use of the general habitual offender statutes was permissible.

Affirmed.

1. Controlled Substances — Public Health Code — Constitutional Law.

The controlled substances provisions of the Public Health Code do not violate the title-object clause of the Michigan Constitution (Const 1963, art 4, § 24).

REFERENCES FOR POINTS IN HEADNOTES
[1] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 17.
[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 48.

2. Controlled Substances — Sentence Supplementation — Public
   Health Code — Statutes.
   The sentence enhancement provisions of the Public Health Code
   concerning controlled substances are applicable only to an
   individual who has at least one prior conviction on a drug-
   related offense; an individual with at least one prior conviction
   for a nondrug-related offense is subject to the sentence en-
   hancement provisions of the general habitual offender statutes
   (MCL 333.7413, 769.10 *et seq.;* MSA 14.15[7413], 28.1082 *et
   seq.).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Peter D. Houk,*
Prosecuting Attorney, and *Charles M. Sibert,* Chief
Appellate Attorney, for the people.

*P. E. Bennett,* Assistant State Appellate De-
fender, for defendant on appeal.

Before: Beasley, P.J., and R. M. Maher and S.
Hoffius,* JJ.

Per Curiam. Defendant was convicted, on her
pleas of guilty, of delivery of less than 50 grams of
heroin, MCL 333.7401(2)(a)(iv); MSA
14.15(7401)(2)(a)(iv), and of being a seventh of-
fender under the habitual offender statute, MCL
769.12; MSA 28.1084.[1] Pursuant to a sentence

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendant does not deny the existence of the six prior convictions,
but points out that the first three convictions arose out of a single
plea-taking proceeding and that the offense which became the fifth
conviction took place before the date of the fourth conviction. Accord-
ingly, she argues that for purposes of the habitual offender statute
she had only three prior convictions. See *People v Phillip Smith,* 90
Mich App 572; 282 NW2d 399 (1979), *rev'd on other grounds,* 407
Mich 906 (1979), *People v Roderick Johnson,* 86 Mich App 77; 272
NW2d 200 (1978). We disagree. The rationale of the above-cited cases
is that the habitual offender statutes do not apply unless the prior
felony convictions exist at the time of the commission of the subse-
quent felony for which the defendant is to be supplemented. At the
time of the commission of the offense in the instant case, defendant
had six prior felony convictions. Accordingly, defendant was properly
charged as a seventh offender.

agreement reached with the trial court, defendant was sentenced to a prison term of from 4 to 20 years. She now appeals by right.

Defendant first argues that the controlled substances provisions of the Public Health Code violate the title-object clause of the Michigan Constitution. Const 1963, art 4, § 24. The parties have filed excellent briefs on this issue. While admitting that it is a close question, we elect to follow *People v Trupiano,* 97 Mich App 416; 296 NW2d 49 (1980), *lv den* 409 Mich 895 (1980), and find no constitutional infirmity.

Defendant also contends that her guilty plea was the result of an illusory sentence agreement. She argues that because her conviction in the instant case was for an offense contained in article 7 of the Public Health Code she could only be supplemented under the provisions of that article, MCL 333.7413; MSA 14.15(7413), and not under the general habitual offender statutes, MCL 769.10 *et seq.;* MSA 28.1082 *et seq.* She then argues that since none of her prior convictions were for drug-related offenses no supplementation was possible and she faced only a 20 year maximum sentence rather than a possible life sentence.

The sentence supplementation provisions of article 7 which are claimed to be applicable to the instant case provide:

"(2) Except as otherwise provided in subsection (1), an individual convicted of a second or subsequent offense under this article may be imprisoned for a term not more than twice the term otherwise authorized or fined an amount not more than twice that otherwise authorized, or both.

"(3) For purposes of subsection (2), an offense is considered a second or subsequent offense, if, before conviction of the offense, the offender has at any time

been convicted under this article or under any statute of the United States or of any state relating to a narcotic drug, marihuana, depressant, stimulant, or hallucinogenic drug."

MCL 333.7413(2)-333.7413(3); MSA 14.15(7413)(2)-14.15(7413)(3). Clearly, these provisions are applicable only to an individual who has at least one prior conviction on a drug-related offense. Because the defendant has no such convictions, the statute is inapplicable by its own terms. For this reason, defendant's reliance on *People v Edmonds,* 93 Mich App 129, 135; 285 NW2d 802 (1979), *lv den* 408 Mich 918 (1980), is misplaced. See, also, *People v Elmore,* 94 Mich App 304; 288 NW2d 416 (1979).[2] This is not a case where the sentence enhancement provisions of article 7 and those of the general habitual offender statutes are both seemingly applicable. Use of the general habitual offender statutes was permissible.

Affirmed.

---

[2] *Edmonds* and *Elmore* involved application of § 48 of the Controlled Substances Act, MCL 335.348; MSA 18.1070(48), which has since been repealed. The provisions of MCL 333.7413(2)-333.7413(3); MSA 14.15(7413)(2)-14.15(7413)(3), are almost identical to § 48 of the Controlled Substances Act.