PEOPLE v HONEYCUTT

Docket No. 98292. Submitted September 9, 1987, at Lansing. Decided
      October 19, 1987.

   Raymond L. Honeycutt pled guilty in the Washtenaw Circuit
      Court to felonious assault, possession of a firearm during the
      commission of a felony, and to being a fourth-felony offender.
      The trial court, Patrick J. Conlin, J., sentenced defendant to
      from thirty-two to forty-eight months for the assault conviction
      and two years for the felony-firearm conviction. The court then
      vacated both sentences and sentenced defendant to a term of
      from eight to fifteen years on both convictions as supplemented
      by the fourth-felony offender conviction. The sentences were
      ordered to be served concurrently. Defendant appealed.

      The Court of Appeals *held:*

      1. A felony-firearm conviction may not be enhanced by an
      habitual offender conviction.

      2. The felony-firearm statute creates a crime separate and
      distinct from the underlying felony.

      3. The trial court erred in requiring the two sentences of
      from eight to fifteen years to be served concurrently. A sen-
      tence under a felony-firearm conviction must be served consecu-
      tively to the sentence on the underlying felony.

      Vacated and remanded.

1. CRIMINAL LAW — FELONY-FIREARM.
      The statute regarding possession of a firearm during the commis-
      sion of a felony creates a crime separate and distinct from the
      underlying felony (MCL 750.227b; MSA 28.424[2]).

REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.*

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 6 *et
      seq.*

Construction and application of provision of Omnibus Crime Con-
      trol and Safe Streets Act of 1968 (18 USCS § 924(c)) that person
      who uses firearm to commit, or carries firearm unlawfully during
      commission of, federal felony, shall be sentenced to term of
      imprisonment in addition to punishment provided for such felony.
      25 ALR Fed 678.

What constitutes former "conviction" within statute enhancing
      penalty for second or subsequent offense. 5 ALR2d 1080.

2. CRIMINAL LAW — SENTENCING — FELONY-FIREARM.

The mandatory sentence under the statute regarding possession of a firearm during the commission of a felony must be served consecutively to the sentence on the underlying felony (MCL 750.227b; MSA 28.424[2]).

3. CRIMINAL LAW — SENTENCING — ENHANCEMENT OF SENTENCES — FELONY-FIREARM — HABITUAL OFFENDERS.

A sentence for a conviction for possession of a firearm during the commission of a felony may not be enhanced pursuant to the provisions of an habitual offender statute based upon the defendant's prior convictions for felonies other than felony-firearm (MCL 750.227b, 769.12; MSA 28.424[2], 28.1084).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* First Assistant Prosecuting Attorney, for the people.

*Lineas L. Baze,* for defendant.

Before: D. F. WALSH, P.J., and SAWYER and WEAVER, JJ.

SAWYER, J. Defendant pled guilty to felonious assault, MCL 750.82; MSA 28.277, possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), and being a fourth-felony offender, MCL 769.12; MSA 28.1084. Thereafter, the court sentenced defendant to a term of thirty-two to forty-eight months for the assault conviction and the mandatory two years for the felony-firearm conviction. The court then vacated both sentences and sentenced defendant to a term of eight to fifteen years on both convictions as supplemented by the fourth-felony offender conviction. On appeal, defendant challenges the validity of his sentences and we reverse.

Defendant raises one issue which is dispositive, namely whether a felony-firearm conviction may be enhanced by a habitual offender conviction.

This question appears to be one of first impression and we answer it in the negative.

We begin by noting that defendant's argument, that the felony-firearm statute does not create a separate and distinct felony, but merely provides for sentence enhancement, is incorrect. While some panels of this Court in the past had taken that position, the Supreme Court has clearly held that the felony-firearm statute creates a crime separate and distinct from the underlying felony. *Wayne Co Prosecutor v Recorder's Court Judge,* 406 Mich 374, 389; 280 NW2d 793 (1979). While we disagree with defendant's reasoning, we do not disagree with his conclusion.

The felony-firearm statute, MCL 750.227b; MSA 28.424(2), provides in pertinent part as follows:

> (1) A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this section, the person shall be imprisoned for 10 years.
>
> (2) The term of imprisonment prescribed by this section shall be in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.

First, the fact that the trial court ordered the enhanced sentences on both convictions to be served concurrently was clearly incorrect. The felony-firearm statute explicitly provides that the sentence under the felony-firearm conviction must be served consecutively to the sentence on the

underlying felony. Thus, even if it was appropriate to enhance defendant's sentence under the felony-firearm conviction by reason of his status as a habitual offender, the trial court erred in requiring the two sentences of eight to fifteen years to be served concurrently. At the least, the two sentences would have to be served consecutively.

Next, we turn to the question whether the sentence for the felony-firearm conviction could be enhanced by the habitual offender statute based upon defendant's prior convictions for felonies other than felony-firearm. We conclude that enhancement is not appropriate. In reaching this conclusion, we rely upon two observations. First, we note that the sentencing provisions of the felony-firearm statute are mandatory, not discretionary. That is, the statute mandates that the trial court *shall* impose a sentence of two years in prison on the first felony-firearm conviction, five years for the second conviction and ten years for a third or subsequent conviction. There is no provision in the felony-firearm statute for the imposition of an indeterminate sentence nor does it give the trial court any discretion in the amount of prison time to be imposed or, for that matter, whether the defendant should be sentenced to prison at all. To permit felony-firearm convictions to be enhanced by the habitual offender statute would disturb this statutory scheme and render somewhat meaningless the Legislature's use of the word "shall." First, a sentence based upon the habitual offender status would turn the sentence from a determinate into an indeterminate sentence and, apparently, would give the trial court discretion to impose a minimum sentence of less than two years. This would, we believe, defeat the Legislature's intent in passing the felony-firearm statute.

Next, in looking at the social harm addressed by the felony-firearm statute and the reasons behind the habitual offender statute, we believe the Legislature was addressing separate and distinct problems and did not intend for the two statutes to cross paths. In passing the felony-firearm statute, the Legislature was addressing the problem entailed by criminals carrying firearms during the commission of their crimes and the Legislature addressed that problem by creating the crime of felony firearm. See *Wayne Co Prosecutor, supra* at 391. The habitual offender statute, on the other hand, obviously addresses the problem of those felons who do not reform their ways even after their initial involvement with the criminal justice system. Both statutes, however, relate to a felon's treatment by the criminal justice system in light of the underlying offense. Thus, we have a situation where a defendant, such as defendant in the case at bar, commits one of the sundry substantive crimes listed in the penal code, such as felonious assault. The Legislature has determined that the crime of felonious assault on its own should be punished with a statutory maximum sentence of four years in prison. MCL 750.82; MSA 28.277. However, the Legislature has further determined, through the felony-firearm statute, that a person who commits felonious assault, or almost any other felony, while possessing a firearm shall receive additional prison time in the amount of two, five, or ten years, depending on the number of prior felony-firearm offenses. By the same token, the person who commits felonious assault may have his maximum possible sentence increased to six, eight, or fifteen years, depending upon the number of prior felony convictions the defendant

has received.[1] The two statutes, felony-firearm and habitual offender, operate independent of each other and address entirely different societal harms which necessitate imposing a higher punishment on the defendant who also violates either of those statutes, as opposed to the criminal who merely commits the underlying substantive offense.

Finally, we note that the felony-firearm statute possesses its own habitual offender provision. That statute provides for increased sentences for subsequent felony-firearm convictions. To permit felony-firearm convictions to also be enhanced by the habitual offender statute would provide for ever-escalating sentences for subsequent convictions. For example, the defendant who is convicted of his third felony-firearm offense would be subject to a sentence of ten years in prison under the felony-firearm statute. However, since he would, of necessity, be a third-felony offender, his sentence could be enhanced under the habitual offender statute to twenty years in prison. We do not believe the Legislature intended such a result.

For the above reasons, we conclude that the felony-firearm statute may not be supplemented by the habitual offender statute. Accordingly, the trial court erred not only in imposing concurrent sentences, but also by allowing the supplementation of the felony-firearm charge. Rather, the trial court should have imposed the mandatory two-year sentence on the felony-firearm conviction and then imposed sentence on the assault charge, as supplemented under the habitual offender statute, with that second sentence running consecutively to the felony-firearm sentence.

Defendant's sentences are vacated. The matter is

[1] See MCL 769.10; MSA 28.1082, MCL 769.11; MSA 28.1083 and MCL 769.12; MSA 28.1084.

remanded to the circuit court to reimpose sentence on the two convictions. The trial court shall sentence defendant to the mandatory two-year term under the felony-firearm statute and then shall impose a sentence on the assault conviction, as supplemented under the habitual offender statute, with said sentence to run consecutively with the felony-firearm sentence.[2] We do not retain jurisdiction.[3]

[2] We note that the trial court in this case uses the procedure of sentencing on the underlying offense, vacating that sentence, and then resentencing based upon the habitual offender conviction. We take notice of the fact that while this procedure is employed by a number of trial courts in this state, other courts merely proceed directly to sentencing based upon the habitual offender conviction. Since defendant does not challenge the procedure used in this case, we offer no opinion on which procedure is preferable and leave it to the trial court to employ the procedure of its choice.

[3] We further note that defendant also raises the issue that the sentences imposed shock our judicial conscience. Our disposition on the first issue renders it unnecessary to consider the second issue at this time.