PEOPLE v EILOLA

Docket No. 112473. Submitted April 19, 1989, at Lansing. Decided August 8, 1989.

Gary Lynn Eilola, previously convicted of felonies for larceny in a building, escape from prison, and driving a motor vehicle while under the influence of intoxicating liquor, pled guilty to retail fraud in the first degree and to being a habitual offender, third offense, Jackson Circuit Court, Gordon W. Britten, J. Defendant was convicted for shoplifting an item worth less than $100, normally an act punishable as second-degree retail fraud, a misdemeanor. However, defendant's conviction was based on subsection 2 of the first-degree retail-fraud statute, MCL 750.356c(2); MSA 28.588(3)(2), which provides that a person who violates the second-degree retail-fraud statute and has one or more prior convictions for first-degree retail fraud, false pretenses over $100, larceny over $100, or larceny from a building is guilty of first-degree retail fraud. Defendant appealed, claiming that he could not be convicted of both first-degree retail fraud and as a habitual offender.

The Court of Appeals *held:*

A conviction for first-degree retail fraud under subsection 2 of the statute can be enhanced under the habitual-offender statutes.

1. None of the factors which prevent application of the habitual-offender statutes to defendants with multiple convictions under the controlled-substances provisions of the Public Health Code are present in convicting a defendant under both subsection 2 of the first-degree retail-fraud statute and the habitual-offender statutes. Under the controlled-substances statute, the enhancement section clearly serves only to enhance a sentence and is based exclusively upon prior drug-related offenses. Under the retail-fraud statute, first-degree retail fraud is a substantive offense and the "recidivist" element contained in

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 2 *et seq.*; Larceny § 50.

See the Index to Annotations under Habitual Criminals and Subsequent Offenders; Shoplifting.

subsection 2 is but one alternate way of committing first-degree retail fraud. Additionally, although an offender can come under the recidivist provisions of first-degree retail fraud based upon a prior conviction for retail fraud, a first-degree retail-fraud charge can also be based upon a prior conviction under certain other statutes, namely, false pretenses over $100, larceny over $100, and larceny in a building.

2. None of the factors which prevent application of the habitual-offender statutes to defendants with multiple convictions under the felony-firearm statute are present in convicting a defendant under both subsection 2 of the first-degree retail-fraud statute and the habitual-offender statutes. While the felony-firearm statute is a statute designed to address the problem of criminals committing underlying offenses while possessing a firearm, first-degree retail fraud is a crime which does not require the commission of an underlying crime in order to exist. Second, unlike the felony-firearm statute, the sentencing provisions of the retail-fraud statute do not mandate any particular term of imprisonment and do not require a determinate sentence. Thus, the sentencing scheme under the retail-fraud statute would not be disturbed by applying the habitual-offender statute. Additionally, violation of the felony-firearm statute is always a felony, with the sentence imposed for subsequent offenses escalating. Under the recidivist provision of the retail-fraud statute, however, a person who commits second-degree retail fraud, and does not have one of the enumerated prior convictions, commits a misdemeanor.

Affirmed.

CRIMINAL LAW — FIRST-DEGREE RETAIL FRAUD — HABITUAL OFFENDERS.

A conviction for first-degree retail fraud under that part of the first-degree retail-fraud statute which provides that a person who violates the second-degree retail-fraud statute and has one or more prior convictions for first-degree retail fraud, false pretenses over $100, larceny over $100, or larceny from a building is guilty of first-degree retail fraud can be enhanced under the habitual-offender statutes (MCL 750.356c[2], 750.356d, 769.10 *et seq.*; MSA 28.588[3][2], 28.588[4], 28.1082 *et seq.*).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

*Jeanice Dagher-Margosian,* for defendant on appeal.

Before: Sullivan, P.J., and Sawyer and Marilyn Kelly, JJ.

Sawyer, J. Defendant pled guilty to retail fraud in the first degree, MCL 750.356c(2); MSA 28.588(3)(2), and to being a third-felony offender, MCL 769.11; MSA 28.1083. He was thereafter sentenced to serve a term of 1½ to 4 years in prison. He now appeals and we affirm.

Defendant's conviction arises out of the shoplifting of a sleeping bag valued at $35. Although such an offense would normally be retail fraud in the second degree, MCL 750.356d(1); MSA 28.588(4)(1), a misdemeanor, due to the fact that defendant had a prior conviction for larceny in a building, MCL 750.360; MSA 28.592, his current offense was elevated to the felony of first-degree retail fraud. See MCL 750.356c(2); MSA 28.588(3)(2). Defendant's sole issue on appeal is whether he can be convicted of both first-degree retail fraud and as a habitual offender.

The crime of retail fraud was established by the Legislature in 1988 PA 20. The provisions relating to first-degree retail fraud are codified in MCL 750.356c; MSA 28.588(3) and are as follows:

(1) A person who does any of the following in a store or in its immediate vicinity is guilty of retail fraud in the first degree, a felony punishable by imprisonment for not more than 2 years, or a fine of not more than $1,000.00, or both:

(a) While a store is open to the public, alters, transfers, removes and replaces, conceals, or otherwise misrepresents the price at which property is offered for sale, with the intent not to pay for the property or to pay less than the price at which the

property is offered for sale, if the resulting difference in price is more than $100.00.

(b) While a store is open to the public, steals property of the store that is offered for sale at a price of more than $100.00.

(c) With intent to defraud, obtains or attempts to obtain money or property from the store as a refund or exchange for property that was not paid for and belongs to the store, if the amount of money, or the value of the property, obtained or attempted to be obtained is more than $100.00.

(2) A person who violates section 356d [second-degree retail fraud] and has 1 or more prior convictions under this section, section 218 [false pretenses], 356 [larceny over $100], 356d, or 360 [larceny from a building], or a local ordinance substantially corresponding to this section or section 218, 356, 356d, or 360 is guilty of retail fraud in the first degree.

(3) A person who commits the crime of retail fraud in the first degree shall not be prosecuted under the felony provision of section 356, or under section 218 or 360.

Second-degree retail fraud is set forth in MCL 750.356d; MSA 28.588(4):

(1) A person who does any of the following in a store or in its immediate vicinity is guilty of retail fraud in the second degree, a misdemeanor punishable by imprisonment for not more than 93 days, or a fine of not more than $100.00, or both:

(a) While a store is open to the public, alters, transfers, removes and replaces, conceals, or otherwise misrepresents the price at which property is offered for sale, with the intent not to pay for the property or to pay less than the price at which the property is offered for sale.

(b) While a store is open to the public, steals property of the store that is offered for sale.

(c) With intent to defraud, obtains or attempts to obtain money or property from the store as a

refund or exchange for property that was not paid for and belongs to the store.

(2) A person who commits the crime of retail fraud in the second degree shall not be prosecuted under the felony provisions of section 356, or under section 218 or 360.

In the case at bar, because the value of the property was less than $100, defendant would normally have been guilty of second-degree retail fraud. However, due to defendant's prior conviction for larceny in a building, MCL 750.360; MSA 28.592, his current offense constitutes first-degree retail fraud, a felony.

The question for our consideration, whether a conviction for first-degree retail fraud under subsection 2 of the statute can be enhanced under the habitual-offender statutes, is one of first impression. We are aware, however, that similar questions challenging the applicability of the habitual-offender statute have been addressed in other contexts.

In *People v Edmonds,* 93 Mich App 129; 285 NW2d 802 (1979), this Court concluded that a defendant convicted for a controlled-substance offense could not be sentenced under both the general habitual-offender statute, MCL 769.10 *et seq.*; MSA 28.1082 *et seq.,* and the specific enhancement provisions of the Public Health Code related to controlled-substance violations.[1] The *Edmonds* decision was followed by this Court in *People v Elmore,* 94 Mich App 304; 288 NW2d 416 (1979). The *Elmore* Court also noted that the Legislature saw fit to amend the general habitual-offender

---

[1] At the time of the *Edmonds* decision, those habitual controlled-substance offense provisions were contained in MCL 335.348; MSA 18.1070(48). Subsequently, the statutes were amended and the habitual controlled-substance offender provisions were codified under MCL 333.7413; MSA 14.15(7413). In any event, both statutes are very similar.

statute to specifically provide that a habitual controlled-substance offender would be punished under the provisions of the Public Health Code and not the general habitual-offender statute. *Elmore, supra* at 306, n 1.

The *Edmonds* decision was, however, subsequently distinguished by this Court in *People v Franklin,* 102 Mich App 591; 302 NW2d 246 (1980). In *Franklin,* the defendant was convicted of her first controlled-substance offense, though she had prior nondrug-related felony convictions. Accordingly, she was convicted both for the controlled-substance offense and as a seventh-felony offender under the general habitual-offender statute. On appeal, she argued, citing *Edmonds, supra,* that she could be subject only to the habitual controlled-substance offender provisions of the Public Health Code and, since she had no prior drug-related offenses, she could not be sentenced as a habitual offender. This Court disagreed, concluding that, since the habitual controlled-substance abuse provisions of the Public Health Code were inapplicable, the defendant could be charged under the general habitual-offender statute on the basis of her prior nondrug-related felony offenses.

Turning to the felony-firearm statute, this Court, in *People v Honeycutt,* 163 Mich App 757; 415 NW2d 12 (1987), also held that a conviction for possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), was not subject to enhancement under the habitual-offender statutes. The Court based its conclusion upon several factors.

First, the *Honeycutt* Court noted that the provisions of the felony-firearm statute established mandatory determinate sentences to be served consecutively to any sentence for an underlying offense and that the Legislature had not granted

any discretion to the trial court in determining the length of sentence to be imposed. The Court further noted that allowing a felony-firearm conviction to be enhanced under the habitual-offender statute would disturb the mandatory sentencing scheme of the felony-firearm statute. In reaching that conclusion, the Court noted that, under the provisions of the habitual-offender statute, the trial court could impose an indeterminate, rather than determinate, sentence and the trial court would have the discretion to impose a minimum sentence of less than two years, thus frustrating the legislative purpose behind the felony-firearm statute.

Second, the *Honeycutt* Court noted that both the felony-firearm and the habitual-offender statutes relate to how an offender should be treated for the underlying offense. That is, the felony-firearm statute provides for an additional mandatory prison term for possessing a firearm during the commission of a crime and the habitual-offender statute addresses the recidivism problem.

Third, the *Honeycutt* Court noted that the felony-firearm statute possessed its own habitual-offender provisions, with the offender receiving two, five, and ten years in prison for his first, second, and third felony-firearm convictions, respectively. The Court further noted that a second or third felony-firearm offender would also, of necessity, be a second- or third-felony offender and would always be subject to having the five- or ten-year sentence under the felony-firearm statute enhanced beyond the provisions of the statute. This, the *Honeycutt* Court concluded, was not the intent of the Legislature.

Turning to the case at bar, we believe that the habitual-offender statutes can be utilized to enhance the sentence of a defendant who is convicted

of first-degree retail fraud under subsection 2 of the statute. In reaching this conclusion, we believe that a number of important distinctions exist between the retail-fraud statute and the controlled-substance statutes and the felony-firearm statute. Under the controlled-substance statute, the enhancement section clearly serves only to enhance a sentence and is based exclusively upon prior drug-related offenses. Under the retail-fraud statute, first-degree retail fraud is a substantive offense and the "recidivist" element contained in subsection 2 is but one alternate way of committing first-degree retail fraud. Additionally, although an offender can come under the recidivist provisions of first-degree retail fraud based upon a prior conviction for retail fraud, a first-degree retail fraud charge can also be based upon a prior conviction under certain other statutes, namely, false pretenses over $100,[2] larceny over $100,[3] and larceny in a building.[4]

In comparing the retail-fraud statute with the felony-firearm statute, a number of important distinctions exist. While the felony-firearm statute is, as discussed in *Honeycutt, supra,* a statute designed to address the problem of criminals committing underlying offenses while possessing a firearm, first-degree retail fraud is a crime which does not require the commission of an underlying crime in order to exist. Second, unlike the felony-firearm statute, the sentencing provisions of the retail-fraud statute do not mandate any particular term of imprisonment and do not require a determinate sentence. Thus, the sentencing scheme under the retail-fraud statute would not be disturbed by applying the habitual-offender statute. Addition-

[2] MCL 750.218; MSA 28.415.
[3] MCL 750.356; MSA 28.588.
[4] MCL 750.360; MSA 28.592.

ally, violation of the felony-firearm statute is always a felony, with the sentence imposed for subsequent offenses escalating. Under the recidivist provision of the retail-fraud statute, however, a person who commits second-degree retail fraud, and does not have one of the enumerated prior convictions, commits a misdemeanor. The presence, however, of the prior conviction or convictions raises the offense from the level of misdemeanor to that of felony. There are not, however, any gradations at the felony level, unlike the felony-firearm statute.

This last point should not be lightly tossed aside. Unlike the felony-firearm statute, or even the controlled-substance statutes, where application of both the enhancement provisions contained within those respective statutes as well as the general habitual-offender statute would produce ever escalating and conflicting results, the general habitual-offender statute dovetails harmoniously with the retail-fraud statute. That is, the internal provisions of the retail-fraud statute can raise an offense from a misdemeanor to a felony, but do not enhance the sentence once a defendant is at the level of a felony offense. At this point, the general habitual-offender statute can be applied where the offender has prior felony convictions.

Also, a distinguishing feature between the retail-fraud statute and the felony-firearm statute is that, while under the felony-firearm statute a subsequent offender must, of necessity, also be a prior felony offender, the same is not true of the retail-fraud offender. That is, a person convicted under the recidivist provision of the felony-firearm statute, thus receiving a sentence of five or ten years, must, of necessity, have committed prior felonies or else he never would have been convicted of his first felony-firearm offense. However,

a person convicted under the recidivist provision of the first-degree retail-fraud statute does not necessarily have to have previously committed a felony. Rather, his prior convictions could all have been for second-degree retail fraud, a misdemeanor. Therefore, there is a rational distinction to allow application of the habitual-offender statute to a defendant convicted of first-degree retail fraud who does have a prior felony conviction while the offender under first-degree retail fraud whose only prior conviction was for a misdemeanor would not be subject to the habitual-offender statute.

We do note that an interesting question arises in light of *Franklin, supra.* Specifically, whether a prior conviction for one of the enumerated offenses under subsection 2 of the first-degree retail-fraud statute which is used to raise the second-degree retail-fraud offense to first-degree retail fraud can also be used as a prior felony under the habitual-offender statute. The implication of *Franklin, supra,* is that it could not be. That is, since under *Franklin* only nondrug-related offenses could be used to support a habitual-offender charge in a drug case, only "non-retail fraud" offenses could be used to justify a habitual-offender charge where the underlying conviction is for first-degree retail fraud under subsection 2 of the statute.

However, we need not address that issue in the case at bar since defendant's habitual-offender conviction was based upon a driving under the influence of liquor (third offense) conviction and a prison escape conviction, neither of which is an enumerated offense under subsection 2 of the first-degree retail-fraud statute. A different conclusion might be reached if a prior conviction was called upon to do "double duty" to establish a basis both for the first-degree retail fraud conviction and the defendant's status as a habitual offender. We leave

that issue, however, for determination in the appropriate case.

For the above reasons, we conclude that a person convicted under the provisions of MCL 750.356c(2); MSA 28.588(3)(2) is also subject to sentence enhancement under the provisions of the habitual-offender statutes, MCL 769.10 *et seq.*; MSA 28.1082 *et seq.*

Affirmed.