PEOPLE v BEWERSDORF

Docket No. 100065. Submitted September 6, 1989, at Lansing. Decided
December 18, 1989. Leave to appeal applied for.

Kim Ralph Bewersdorf pled guilty of operating a motor vehicle
while under the influence of intoxicating liquor, third offense,
and of being an habitual offender, second offense, in Oakland
Circuit Court, David F. Breck, J. Defendant was sentenced to
one year in the county jail on the OUIL conviction. The trial
court vacated that sentence and imposed a one-year sentence
on the habitual-offender conviction. Defendant appealed.

The Court of Appeals *held:*

1. The enhancement provisions under the general habitual-
offender statute conflict with the enhancement provisions spe-
cifically provided for OUIL-third by the Michigan Vehicle Code.
The enhancement scheme provided in the Vehicle Code pre-
vails to the exclusion of the general habitual-offender statute.
Therefore, a conviction of OUIL-third may not serve as the
underlying felony for an habitual-offender charge.

2. The trial court adequately advised defendant of his right to
have the witnesses against him appear at trial when it asked
defendant whether he understood that he had "the right to
cross-examine the witness[es] against you," to which defendant
replied in the affirmative. Defendant therefore cannot argue
that he is entitled to withdraw his guilty plea because he was
not advised of this particular right.

The OUIL conviction is affirmed, the habitual-offender convic-
tion is vacated, and the case remanded for reinstatement of the
OUIL sentence.

SAWYER, J., concurred with the majority's holding that defen-
dant may not withdraw his guilty plea, but dissented from the
majority's conclusion that defendant's habitual-offender convic-
tion is invalid. He would hold that the habitual-offender statute
can be applied to a conviction for OUIL-third in the absence of a
provision in the habitual-offender statute exempting the offense

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 14, 15.
See the Index to Annotations under Driving While Intoxicated;
Habitual Criminals and Subsequent Offenders.

of OUIL-third from its application and in the absence of further enhancement provisions in the Vehicle Code for OUIL convictions beyond the third offense.

AUTOMOBILES — DRIVING UNDER THE INFLUENCE OF INTOXICANTS — CRIMINAL LAW — HABITUAL OFFENDERS — SENTENCE ENHANCEMENT.

A conviction of operating a motor vehicle while under the influence of intoxicating liquor, third offense, may not serve as the underlying felony for an habitual-offender charge (MCL 257.625[6], 769.10; MSA 9.2325[6], 28.1082).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Elliot D. Margolis,* for defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and SAWYER and CAVANAGH, JJ.

CAVANAGH, J. Defendant pled guilty to operating a motor vehicle while under the influence of intoxicating liquor, third offense (OUIL-3), MCL 257.625(6); MSA 9.2325(6), and to being an habitual offender, second offense, MCL 769.10; MSA 28.1082. Defendant was sentenced to one year in the county jail on the underlying OUIL offense. The trial court then vacated that sentence and imposed an identical sentence of one year in the county jail on the habitual-offender conviction. Defendant appeals as of right. We affirm the OUIL conviction but vacate the habitual-offender conviction and sentence.

Defendant first argues that he should not have been convicted under the enhancement provisions in both the OUIL and the habitual-offender statutes. We agree for the reasons expressed in *People v Tucker,* 177 Mich App 174; 441 NW2d 59 (1989).

We agree with *Tucker* that, as a matter of statutory construction, the enhancement provisions of the Michigan Vehicle Code, MCL 257.625(5), (6); MSA 9.2325(5), (6), conflict with the habitual-offender statute, MCL 769.10; MSA 28.1082. The Vehicle Code does not merely raise a misdemeanor to a felony, but similarly increases punishment. A "felony" is, by definition, a crime for which the maximum punishment exceeds one year. *People v Blythe,* 417 Mich 430, 437; 339 NW2d 399 (1983). Because a felony is distinguishable from a misdemeanor only by reason of the severity of punishment, we find the Legislature's intent to increase *punishment* to be clear and unambiguous. Further support is found in § 902 of the Vehicle Code, MCL 257.902; MSA 9.2602:

> Any person who is convicted of a violation of any of the provisions of this act declared to constitute a felony, unless a different penalty is expressly provided herein, shall be punished by imprisonment for not less than 1 year nor more than 5 years, or by a fine of not less than $500.00 nor more than $5,000.00, or by both such fine and imprisonment.

Thus, the "felony" designation substantially increases the punishment for OUIL-3. The Vehicle Code was intended to remove intoxicated drivers from our highways by imposing prison terms, fines and license suspensions or revocations. *Tucker, supra,* p 182.

*People v Eilola,* 179 Mich App 315; 445 NW2d 490 (1989), cited in Judge SAWYER's dissent in this case, is easily distinguished. *Eilola* involved the sentencing provisions of the retail-fraud statute. That statute, however, does not provide for gradations of punishment nor determinate sentences. Thus, there was no "sentencing scheme" to dis-

turb. *Id.,* p 322. Because only the severity of an offense is enhanced, the habitual-offender statute "dovetails harmoniously with the retail fraud statute." *Id.* Here, however, the Vehicle Code offers no such "gradations" without increased punishment. The OUIL enhancement scheme provides:

> (5) A person who violates subsection (1) or (2) or a local ordinance substantially corresponding to subsection (1) or (2) within 7 years of a prior conviction may be sentenced to imprisonment for not more than 1 year, or a fine of not more than $1,000.00, or both. As part of the sentence, the court shall order the secretary of state to revoke the operator's or chauffeur's license of the person. For purposes of this section, "prior conviction" means a conviction under subsection (1) or (2), a local ordinance substantially corresponding to subsection (1) or (2), or a law of another state substantially corresponding to subsection (1) or (2).
>
> (6) A person who violates subsection (1) or (2) or a local ordinance substantially corresponding to subsection (1) or (2) within 10 years of 2 or more prior convictions, as defined in subsection (5), is guilty of a felony. As part of the sentence, the court shall order the secretary of state to revoke the operator's or chauffeur's license of the person. [MCL 257.625(5), (6); MSA 9.2325(5), (6).]

For each subsequent offense, punishment is enhanced. Additionally, unlike the retail-fraud statute, the above sentencing scheme *is* requisite and is "disturbed" by further application of the habitual-offender statute. Thus, on closer examination, the conflict is apparent. We believe *Tucker* was correctly decided.

We conclude that the enhancement scheme provided in the Vehicle Code, evidencing a specific legislative intent and specific gradations of punishment, prevails to the exclusion of the general habitual-offender statute.

Defendant also argues he is entitled to withdraw his guilty plea because he was not advised of his right to have the witnesses against him appear at trial, in violation of MCR 6.101(F)(1)(c)(v). A review of the plea transcript indicates that the trial court asked defendant whether he understood that he had "the right to cross-examine the witness[es] against you," to which defendant replied in the affirmative. This adequately advised defendant of his right to have the witnesses against him appear at trial. See *Guilty Plea Cases,* 395 Mich 96, 122-123; 235 NW2d 132 (1975).

Defendant's OUIL-3 conviction is affirmed. Defendant's conviction as an habitual offender, second offense, is vacated. We need not address defendant's remaining issues.

Affirmed in part, vacated in part, and remanded for reinstatement of defendant's OUIL-3 sentence.

MICHAEL J. KELLY, P.J., concurred.

SAWYER, J. *(concurring in part and dissenting in part).* While I agree with the majority that defendant is not entitled to withdraw his guilty plea, I respectfully dissent from the majority's conclusion that defendant's habitual-offender conviction is invalid.

I disagree with the majority's conclusion that defendant could not have been convicted as a habitual offender and that the habitual-offender provisions do not apply where the underlying conviction is for OUIL-3. While the decision in *People v Tucker,* 177 Mich App 174; 441 NW2d 59 (1989), raises many valid considerations, I respectfully disagree with my colleagues in the majority that that case was correctly decided.

I believe that this case is controlled by our recent decision in *People v Eilola,* 179 Mich App

315; 445 NW2d 490 (1989). In *Eilola,* the defendant was convicted of first-degree retail fraud, MCL 750.356c(2); MSA 28.588(3)(2), and of being a habitual offender (third offense), MCL 769.11; MSA 28.1083. The defendant's first-degree retail-fraud conviction was based upon the shoplifting of a sleeping bag valued at $35. Although that would normally be a misdemeanor offense of retail fraud in the second degree, the defendant was convicted under a provision of the retail-fraud statute which provided that an offense which would otherwise be second-degree retail fraud is elevated to first-degree retail fraud, a felony, where the person had previously been convicted of one of four specified offenses. The defendant appealed, arguing that the general habitual-offender statute should not be applied to a conviction for first-degree retail fraud under the provisions raising second-degree retail fraud to first-degree retail fraud. This Court disagreed, concluding that the provisions of the habitual-offender statutes could be applied.

The *Eilola* Court distinguished away the cases which held that the general habitual-offender statute did not apply to a controlled-substance offense,[1] noting that the enhancement provisions of the controlled-substance statutes served only to enhance a sentence and are based exclusively upon prior drug-related offenses, while first-degree retail fraud is a substantive offense and the recidivist element raising second-degree retail fraud to first-degree retail fraud was but one alternate way of committing first-degree retail fraud. *Eilola, supra* at 322.

The *Eilola* Court also distinguished its decision from that in *People v Honeycutt,* 163 Mich App

---

[1] See *People v Franklin,* 102 Mich App 591; 302 NW2d 246 (1980), *People v Elmore,* 94 Mich App 304; 288 NW2d 416 (1979), and *People v Edmonds,* 93 Mich App 129; 285 NW2d 802 (1979).

757; 415 NW2d 12 (1987), wherein this Court held that the habitual-offender statutes could not be applied to a felony-firearm conviction. The *Eilola* Court, *supra* at 322-323, concluded that the *Honeycutt* decision was limited to the felony-firearm statute because the *Honeycutt* decision was based upon elements unique to the felony-firearm statute. Specifically, (1) the felony-firearm statute addresses the problems of criminals committing offenses while possessing a firearm, while first-degree retail fraud does not require the commission of an underlying crime in order to exist, (2) the sentencing provisions of the retail-fraud statute, unlike the felony-firearm statute, do not mandate any particular term of imprisonment and do not require a determinate sentence; thus, the sentencing scheme under the retail-fraud statute would not be disturbed by applying the habitual-offender statute, and (3) a violation of the felony-firearm statute is always a felony, while under the retail-fraud statute there is only one felony level.

The comments in the *Eilola* opinion distinguishing the felony-firearm statute and the decision in *Honeycutt* from a retail-fraud case are equally applicable to the instant case and, therefore, I do not believe that the *Honeycutt* decision is applicable to the case at bar. However, the decisions under the controlled-substance statutes do merit some additional consideration since the basis for distinguishing away those cases in *Eilola* is not equally applicable here. Specifically, while first-degree retail fraud is a separate substantive offense, OUIL-3 is not a separate substantive offense, but merely an enhancement provision of a violation of the OUIL statute, similar to the controlled-substance statutes. However, the habitual-offender statutes specifically provide that they are not applicable to a major controlled-substance offense to

which the enhancement provisions of the Public Health Code are applicable. See MCL 769.10(1)(c); MSA 28.1082(1)(c), MCL 769.11(1)(c); MSA 28.1083(1)(c), and MCL 769.12(1)(c); MSA 28.1084(1)(c). The Legislature has not, however, provided an exception from the habitual-offender statutes for an OUIL-3 conviction.

Another feature of the OUIL statutes which is more akin to the retail-fraud statute than the controlled-substance statute is the fact that only the highest level is a felony, with the lower levels being misdemeanors. The *Eilola* Court, *supra* at 323, found this to be an important point:

> This last point should not be lightly tossed aside. Unlike the felony-firearm statute, or even the controlled-substance statutes, where application of both the enhancement provisions contained within those respective statutes as well as the general habitual-offender statute would produce ever escalating and conflicting results, the general habitual-offender statute dovetails harmoniously with the retail-fraud statute. That is, the internal provisions of the retail-fraud statute can raise an offense from a misdemeanor to a felony, but do not enhance the sentence once a defendant is at the level of a felony offense. At this point, the general habitual-offender statute can be applied where the offender has prior felony convictions.

Thus, while the recidivist provisions of the controlled-substance statutes provide for enhancing the sentence for a felony on the basis of subsequent convictions, the retail-fraud and OUIL statutes merely provide for raising a misdemeanor offense to a felony for subsequent convictions, but for no enhancement once the defendant is at the felony level. Therefore, both the retail-fraud and the OUIL statutes dovetail harmoniously with the general habitual-offender statute, without the con-

flicting results that occur in attempting to apply the habitual-offender statutes to controlled-substance or felony-firearm offenses. With this point in mind, as well as the fact the habitual-offender statutes do not exempt OUIL-3 from their application, I conclude that the general habitual-offender statute, MCL 769.10 *et seq.*; MSA 28.1082 *et seq.*, is applicable to an underlying conviction of OUIL-3. Thus, I believe defendant was properly convicted as a habitual offender.

I would affirm.