PEOPLE v BROWN

Docket No. 124364. Submitted September 12, 1990, at Detroit. Decided November 20, 1990, at 9:03 A.M. Leave to appeal sought.

Anthony C. Brown was charged with first-degree retail fraud under the statutory provision that raises second-degree retail fraud to first-degree if the defendant has had a prior conviction for certain enumerated fraud or larceny crimes. The defendant pled guilty in Oakland Circuit Court, David F. Breck, J., of first-degree retail fraud and of being a fourth-felony habitual offender. The defendant appealed, challenging his habitual-offender conviction and his sentence.

The Court of Appeals *held:*

1. The defendant's prior convictions properly could be used both to raise the second-degree retail fraud charge to first-degree retail fraud and to support his habitual-offender conviction.

2. The trial court adequately articulated on the record its reasons for imposing the sentence it imposed.

3. Resentencing is not required because of the inclusion of a juvenile conviction in the presentence report, because no objection was made in the trial court and the sentence was not premised on that conviction.

4. The trial court properly applied the credit for time served while awaiting sentencing to the remaining portion of the sentence the defendant was required to complete as a result of losing his parolee status.

Affirmed.

CRIMINAL LAW — RETAIL FRAUD — HABITUAL OFFENDERS.

A prior conviction of one of the felonies enumerated in the retail-fraud statute may be used not only to raise an act which otherwise would be second-degree retail fraud to first-degree retail fraud, but also to establish the defendant's status as an

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 2, 4, 14, 15.

See the Index to Annotations under Habitual Criminals and Subsequent Offenders; Prior Offenses and Convictions; Shoplifting.

habitual offender under the general habitual offender statutes (MCL 750.356c[2], 769.10-769.14; MSA 28.588[3][2], 28.1082-28.1086).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Jennifer A. Pilette*), for the defendant on appeal.

Before: MAHER, P.J., and SULLIVAN and BRENNAN, JJ.

PER CURIAM. On October 19, 1989, defendant pled guilty in the Oakland Circuit Court of first-degree retail fraud, MCL 750.356c(2); MSA 28.588(3)(2), and of being a fourth-felony habitual offender, MCL 769.12; MSA 28.1084. Defendant was sentenced to three years' probation, with the first year to be served in the county jail. Defendant appeals as of right, challenging both his habitual-offender conviction and the propriety of his sentence. We affirm.

I

Defendant, who had prior felony convictions for larceny from a building, attempted larceny from a building, and larceny from a motor vehicle, was charged with shoplifting two bottles of cologne from an F & M Distributors store. Although this normally would be a second-degree retail-fraud offense, MCL 750.356d; MSA 28.588(4)(1), defendant was charged and convicted under subsection 2 of the first-degree retail-fraud statute, MCL 750.356c(2); MSA 28.588(3)(2), which provides:

A person who violates section 356d [second-degree retail fraud] and has 1 or more prior convictions under this section, section 218 [false pretenses], 356 [larceny over $100], 356d [second-degree retail fraud], or 360 [larceny from a building], or a local ordinance substantially corresponding to this section or section 218, 356, 356d, or 360 is guilty of retail fraud in the first degree.

As noted above, two of defendant's three prior felony convictions were for offenses enumerated in subsection 2.[1] On appeal, defendant contends that these convictions, having been used to establish his conviction under subsection 2 of the first-degree retail-fraud statute, cannot also be used as prior felonies under the habitual offender statutes. We disagree.

In *People v Eilola,* 179 Mich App 315; 445 NW2d 490 (1989), a panel of this Court was called upon to decide whether a defendant convicted under subsection 2 of the first-degree retail-fraud statute could also be convicted of being an habitual offender. Although the Court concluded that an habitual-offender conviction was permissible where the prior felony conviction was for an offense not enumerated in subsection 2, *id.,* p 325, the Court left open the question whether an habitual-offender conviction could properly be based upon a prior conviction for an offense enumerated in subsection 2 that was also used to establish the subsection 2 conviction:

> We do note that an interesting question arises in light of [*People* v] *Franklin,* [102 Mich App 591; 302 NW2d 246 (1980)]. Specifically, whether a prior conviction for one of the enumerated offenses under subsection 2 of the first-degree retail-fraud

---

[1] Larceny from a building and attempted larceny from a building, MCL 750.360; MSA 28.592.

statute which is used to raise the second-degree retail-fraud offense to first-degree retail fraud can also be used as a prior felony under the habitual-offender statute. The implication of *Franklin, supra,* is that it could not be. That is, since under *Franklin* only nondrug-related offenses could be used to support a habitual-offender charge in a drug case, only "non-retail fraud" offenses could be used to justify a habitual-offender charge where the underlying conviction is for first-degree retail fraud under subsection 2 of the statute.

However, we need not address that issue in the case at bar since defendant's habitual-offender conviction was based upon a driving under the influence of liquor (third offense) conviction and a prison escape conviction, neither of which is an enumerated offense under subsection 2 of the first-degree retail-fraud statute. A different conclusion might be reached if a prior conviction was called upon to do "double duty" to establish a basis both for the first-degree retail fraud conviction and the defendant's status as a habitual offender. We leave that issue, however, for determination in the appropriate case. [*Eilola,* pp 324-325.]

Before us now is the "appropriate case." In deciding whether it is proper to use a prior conviction for an offense enumerated in subsection 2 to establish a basis for a conviction under subsection 2 of the first-degree retail-fraud statute as well as a basis for determining defendant's status as an habitual offender, we begin by reviewing the statutory language.

The habitual-offender statutes, MCL 769.10-769.14; MSA 28.1082-28.1086, expressly are made applicable to enhance the punishment for felony convictions by persons possessing one or more prior felony convictions. Pursuant to subsection 2 of the first-degree retail-fraud statute, the Legislature has specifically provided that a person who commits a second-degree retail-fraud offense, and

who previously was convicted of a subsection 2 enumerated offense, is guilty of a felony. Neither the habitual-offender statutes, nor the first-degree retail-fraud statute except application of the habitual-offender statutes' sentence-enhancement provisions for a conviction under MCL 750.356c(2); MSA 28.588(3)(2); nor do these statutes expressly preclude a prior felony conviction for a subsection 2 offense from serving as the prior conviction under the habitual-offender statutes. Thus, absent an absurd or unjust result, or one clearly inconsistent with the purposes and policies of the statutes involved, we would not be justified in concluding that the statutes' respective mutual use of a prior conviction for a subsection 2 offense is prohibited. See *Salas v Clements,* 399 Mich 103, 109; 247 NW2d 889 (1976).

In questioning whether it would be proper to use a subsection 2 offense to establish both a subsection 2 conviction as well as a person's status as an habitual offender, the *Eilola* Court cited *Franklin,* as the primary basis for its concern. *Franklin* dealt with the applicability of the general habitual-offender statutes to a defendant convicted under the controlled substances act for delivery of less than fifty grams of heroin. Although the defendant possessed several prior felony convictions, none were drug-related. Relying on *People v Edmonds,* 93 Mich App 129; 285 NW2d 802 (1979), lv den 408 Mich 918 (1980), the defendant argued that the general habitual-offender statutes could not be used to enhance her controlled-substance conviction, inasmuch as the controlled substances act contained its own sentence-augmentation provisions.[2] Reasoning that the controlled substances

---

[2] At the time *Edmonds* was decided, the sentence augmentation provisions for controlled substance offenses were contained in MCL 335.348; MSA 18.1070(48). The statutes have been subsequently

act was adopted as this state's comprehensive policy toward the use of controlled substances, the *Edmonds* Court found the act to be controlling over the general habitual-offender statutes, to the extent that a sentence on a *second* or *subsequent* drug offense was under the exclusive purview of the specific-enhancement provisions of the controlled substances act. *Id.,* p 135. The *Franklin* Court, however, distinguished *Edmonds,* holding that, where a defendant is convicted of a controlled-substance offense, but has no prior convictions under the controlled substances act, the sentence-enhancement provisions of that act are not applicable and, thus, enhancement under the general habitual-offender statutes is permissible. *Franklin, supra,* p 591.

As noted by the *Eilola* Court, the implication of *Franklin* is that, had the defendant in fact possessed prior drug-related convictions, thereby bringing the sentence-augmentation provisions of the controlled substances act into play, the habitual-offender statutes could not have been used. *Eilola, supra,* p 324. By analogy, therefore, the *Eilola* Court questions whether a prior conviction for a subsection 2 offense, that has been used to establish a subsection 2 conviction, may also be used as a prior felony under the general habitual-offender statutes.

We believe that, with respect to the applicability of the habitual-offender statutes, there are a number of important distinctions between a conviction under the controlled substances act and a conviction under subsection 2 of the first-degree retail-fraud statute that dispel the concern expressed in *Eilola.*

First, it must be noted that the determination in

amended and the new provisions are now codified, in similar form, under MCL 333.7413; MSA 14.15(7413).

*Edmonds, supra,* that the sentence-augmentation provisions of the controlled substances act govern over those of the general habitual-offender statutes, was premised upon the fact that the controlled substances act represents this state's comprehensive policy toward the use of controlled substances. *Edmonds, supra,* p 135. The offense of first-degree retail fraud, however, is but one criminal offense under the general penal code; it is not part of a comprehensive state policy relating to larcenous offenses. Thus, unlike the application of the habitual-offender statutes to a repeat controlled-substance offender, there is no comprehensive policy that will be disturbed from the use of a prior felony conviction for a subsection 2 offense in order to establish both a subsection 2 conviction, as well as an habitual-offender charge.

More importantly, however, is that, while the controlled substances act contains sentence-enhancement characteristics similar to the habitual-offender statutes, the first-degree retail-fraud statute does not. That is, the sentencing provisions of both the controlled substances act and the habitual-offender statutes provide for gradations of punishment upon subsequent convictions. Thus, any attempt to apply the general habitual-offender statutes to a repeat controlled-substance offender would result in a direct conflict between similar sentencing schemes. Where there is a conflict, the specific enhancement statute will prevail to the exclusion of the general one. See *People v Thornsbury,* 148 Mich App 92, 97-98; 384 NW2d 88 (1985).

The first-degree retail-fraud statute on the other hand does not provide for gradations of punishment. Rather, it punishes the commission of a second-degree retail-fraud offense by a person with a prior conviction for a subsection 2 offense as a separate substantive offense. In other words, while

both the controlled substances act and the general habitual-offender statutes use prior convictions to establish the severity of *punishment* for the repeat commission of criminal acts, the first-degree retail-fraud statute uses prior convictions to establish the severity of the *offense.* Thus, because different statutory schemes are involved, a conflict does not arise from the mutual application of the two statutes to the same prior conviction.

Therefore, in light of the differences between the controlled substances act and the first-degree retail-fraud statute, we believe that *Franklin, supra,* neither requires nor supports the conclusion that a felony conviction used to establish a subsection 2 offense may not also be used to support an habitual-offender charge. Accordingly, we conclude that a prior conviction for a subsection 2 offense may properly be used to establish a basis for both a first-degree retail-fraud conviction under MCL 750.356c(2); MSA 28.588(3)(2), as well as a defendant's status as an habitual offender under the general habitual-offender statutes, MCL 769.10-769.14; MSA 28.1082-28.1086.

II

Defendant raises three additional sentencing issues. First, defendant argues that he is entitled to resentencing because the trial court failed to articulate on the record the reasons for the sentence imposed. We disagree. In this case, the focus of the discussion at sentencing centered on defendant's admitted substance abuse problem. In addressing the trial court at sentencing, defense counsel stated:

We would just ask the Court that any sentence that you would impose upon Mr. Brown as far as

incarceration is concerned—that as an alternative to incarceration, that Mr. Brown be permitted or at least the Court would make a recommendation that Mr. Brown would be put in some type of RAP program. He does acknowledge a drug problem and does wish to deal with it.

During allocution, defendant also attributed the commission of the instant offense to his drug problem and expressed his desire for rehabilitation. The trial court then imposed sentence, stating:

> I'm going to put you on probation for three years. I'll require that the first year be spent in the Oakland County Jail. This sentence will be consecutive to the time you're now serving in any parole flop that you get. . . . [Y]ou must not use any controlled substances and submit to urinalysis. . . . And I will release you from the County Jail to go to RAP if you have not completed a substance abuse program before that time. If you have, then we'll review the situation regarding jail. . . . If you don't go into the RAP program, then you have to sit in jail for a year.

The purpose of the articulation requirement is to aid appellate review of sentencing and to avoid injustice on the basis of error at sentencing. *People v Fleming*, 428 Mich 408, 428; 410 NW2d 266 (1987). In this case, it is clear, not only from the court's comments, but also from a review of the entire sentencing proceeding, that defendant's sentence was premised on the circumstances surrounding his substance abuse problem. Defendant's sentence was clearly an individualized one, not only accommodating the requests of defense counsel, but, in effect, leaving the issue of jail time

largely in defendant's own hands. There has been no claim that the sentence was an excessive one. Under these circumstances, we fail to see how a remand for a more specific statement by the trial court would serve any purpose. Accordingly, we find that relief is not warranted. Compare *People v Willhite,* 155 Mich App 124, 127; 399 NW2d 57 (1986), lv den 429 Mich 854 (1987).

Next, defendant argues that the inclusion of his expunged juvenile record in the presentence report requires resentencing. However, where it is apparent, as it is in this case, that the court's sentence was not premised, even in part, on the inclusion of a juvenile conviction in the presentence report, and where defendant never objected to the inclusion of his juvenile record either at sentencing or in a subsequent trial court motion, resentencing is not required. See *People v Bentley,* 434 Mich 880, 881; 452 NW2d 207 (1990).

Finally, defendant argues that he is entitled to sixty-one days credit for time served prior to the imposition of sentence for his retail-fraud conviction. We disagree. Defendant was on parole at the time he committed the instant offense. Therefore, the sentence for his retail-fraud conviction was required to run consecutive to the remaining term imposed for the paroled offense. MCL 768.7a(2); MSA 28.1030(1)(2). The record reveals that the trial court correctly held that credit for time spent in jail prior to defendant's retail-fraud sentencing was to be applied against the remaining portion of defendant's sentence for the paroled offense, rather than his sentence for retail fraud. MCL 791.238; MSA 28.2308; *People v Beal,* 182 Mich App 184, 186-187; 452 NW2d 214 (1989).

Affirmed.