## PEOPLE v LYNCH

Docket No. 151129. Submitted February 10, 1993, at Lansing. Decided April 20, 1993, at 9:05 A.M.

Troy M. Lynch pleaded guilty in the Bay Circuit Court, Eugene C. Penzien, J., of fleeing and eluding a police officer, second offense, and of being an habitual offender, third offense, and was sentenced as an habitual offender to four to eight years' imprisonment. He appealed.

The Court of Appeals *held:*

1. The habitual offender statutes may be used to enhance the already enhanced sentence for fleeing and eluding a police officer within five years of a conviction of the same offense.

2. The sentence imposed does not violate the principle of proportionality in light of the circumstances of the offense and the offender.

Affirmed.

CRIMINAL LAW — FLEEING AND ELUDING — HABITUAL OFFENDERS.

A sentence for a conviction of fleeing and eluding a police officer within five years of a prior conviction of fleeing and eluding is subject to enhancement under both the fleeing and eluding statute and the general habitual offender statutes where preceded by prior conviction for other felonies (MCL 750.479a[4]; MSA 28.747[1][4]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

*Joseph L. Stewart,* for the defendant on appeal.

Before: MacKenzie, P.J., and Hood and White, JJ.

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 6, 14.
See ALR Index under Habitual Criminals and Subsequent Offenders.

PER CURIAM. Defendant was convicted on his pleas of guilty of fleeing and eluding a police officer, second offense, MCL 750.479a(4); MSA 28.747(1)(4), and of being an habitual offender, third offense, MCL 769.11; MSA 28.1083. He was sentenced to four to eight years' imprisonment. Defendant now appeals as of right. We affirm.

MCL 750.479a(1); MSA 28.747(1)(1) provides that a person convicted of fleeing and eluding is guilty of a misdemeanor punishable by no more than one year's imprisonment. However, the statute also contains an enhancement provision. Under that provision, a person who commits a second fleeing and eluding offense within five years of a prior fleeing and eluding conviction is guilty of a felony punishable by up to four years' imprisonment. MCL 750.479a(4); MSA 28.747(1)(4).

In this case, defendant had been convicted of misdemeanor fleeing and eluding approximately four years before the instant fleeing and eluding offense. Defendant also had been convicted of two other, unrelated felonies. In sentencing defendant, the trial court explained that the usual four-year maximum sentence for fleeing and eluding, second offense, would be doubled because of defendant's habitual offender conviction. The trial court then sentenced defendant to a term of four to eight years.

Defendant claims that the trial court erred in allowing his sentence for fleeing and eluding, second offense, to be enhanced under the habitual offender statutes. We disagree.

In *People v Eilola,* 179 Mich App 315; 445 NW2d 490 (1989), this Court held that the habitual offender statutes could be used to enhance a sentence already subject to enhancement under the first-degree retail fraud statute, MCL 750.356c; MSA 28.588(3). See also *People v Brown,* 186 Mich

App 350; 463 NW2d 491 (1990). Similarly, in *People v Bewersdorf,* 438 Mich 55; 475 NW2d 231 (1991), cert den sub nom *Johnson v Michigan,* — US —; 112 S Ct 1214; 117 L Ed 2d 452 (1992), our Supreme Court held that the habitual offender statutes could be used to enhance a sentence already subject to enhancement under MCL 257.625(6); MSA 9.2325(6), which elevates operating a motor vehicle while under the influence of intoxicating liquor, third offense, to a felony. Both the *Eilola* and the *Bewersdorf* Courts reasoned that such sentencing enhancement for repeated offenses is consistent with the legislative purpose of deterring repeated criminal acts by providing escalating punishment. See *Bewersdorf, supra,* p 70; *Eilola, supra,* pp 322-324.

We find the reasoning of the *Eilola* and *Bewersdorf* Courts equally applicable here.[1] Accordingly, we hold that the sentence imposed upon a conviction for fleeing and eluding, second offense, may be enhanced under the habitual offender statutes.

Defendant also asserts that his sentence violates the principle of proportionality established in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). Given the circumstances of this offense and this offender, we disagree.

Affirmed.

---

[1] Judges Hood and MacKenzie acknowledge that they were on the panel in *People v Tucker,* 177 Mich App 174; 441 NW2d 59 (1989), the holding of which was rejected by the Supreme Court in *Bewersdorf.* See 438 Mich 69. To the extent that *Bewersdorf* impliedly reverses the *Tucker* decision, they no longer adhere to their position in that case.