# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

## PEOPLE v ALLEN

Docket No. 151843. Argued April 7, 2016 (Calendar No. 3). Decided June 15, 2016.

Floyd Phillip Allen was convicted in the Ionia Circuit Court of a second offense of failing to comply with the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*., after he failed to properly register his address. MCL 28.729(1)(b) provides for a maximum sentence of 7 years upon conviction of a second violation of SORA (hereafter "SORA-2"), but the court, David A. Hoort, J., sentenced defendant under MCL 769.10(1)(a) to 2 to 10.5 years' imprisonment as a second-offense habitual offender on the basis of his two convictions for violating SORA. Defendant appealed, arguing in part that he was entitled to resentencing because the trial court erred when it enhanced his sentence under the habitual-offender provisions. The Court of Appeals, BECKERING, P.J., and BORRELLO and GLEICHER, JJ., vacated defendant's sentence and remanded for resentencing, agreeing that the sentence imposed for defendant's SORA-2 conviction could not be enhanced under the applicable habitual-offender statute. The panel concluded that MCL 28.729(1)(a), (b), and (c) set forth one offense (violating SORA) with escalating punishments for repeat convictions. Because the second-offense habitual-offender provision, MCL 769.10(1)(a), directs a court sentencing an offender convicted of a subsequent offense to impose a maximum term that is not more than 1½ times the longest term prescribed for a first conviction of that offense and the maximum term prescribed under MCL 28.729(1)(a) for a first conviction of violating SORA (SORA-1) is 4 years' imprisonment, the panel concluded that defendant would have been subject to no more than 6 years' imprisonment upon habitual-offender enhancement. The panel further concluded that SORA and the habitual-offender statutes conflicted and that because SORA was controlling, defendant's maximum sentence should have been 7 years. 310 Mich App 328 (2015). The Supreme Court granted the prosecution's application for leave to appeal. 498 Mich 910 (2015).

In an opinion by Justice ZAHRA, joined by Chief Justice YOUNG and Justices MARKMAN, MCCORMACK, and LARSEN, the Supreme Court *held*:

The sentence imposed for defendant's second conviction of violating SORA could be enhanced under the habitual-offender statutes using defendant's first conviction for violating SORA because in MCL 28.729 the Legislature created separate offenses for subsequent violations of SORA and nothing in SORA or the habitual-offender provisions precludes a court from using the applicable habitual-offender statute to enhance the maximum sentence provided by MCL 28.729(1)(b) for a second violation of SORA.

1. The habitual-offender statutes, enacted as part of Chapter IX of the Code of Criminal Procedure, MCL 769.1 *et seq.*, contain three sections to enhance sentences imposed on recidivist offenders: MCL 769.10 which applies to those sentenced for their second felony convictions; MCL 769.11, which applies to those sentenced for their third felony convictions; and MCL 769.12, which applies to those sentenced for their fourth or higher felony convictions. The Legislature did not intend to make being a habitual offender a separate substantive crime; instead, it intended, for deterrent purposes, to augment the punishment for second or subsequent offenses. MCL 769.10(1)(a) provides that if a person has been convicted of a felony and commits a subsequent felony that is punishable upon a first conviction by imprisonment for a term less than life, the court may sentence the person to imprisonment to a maximum term that is not more than 1½ times the longest term prescribed for a first conviction of that offense or a lesser term. The prosecution and the trial court agreed that the phrase "that offense" in the statute refers to separate felony convictions under MCL 28.729(1). Accordingly, it was necessary to determine whether SORA sets forth a single substantive offense with enhanced punishments for subsequent violations or whether it establishes three separate and distinct substantive offenses for recidivist behavior.

2. MCL 28.729(1) provides that an individual required to register as a sex offender under SORA who willfully violates the act is guilty of a felony. Subdivision (a) provides that if the individual has no prior convictions for a violation of SORA (SORA-1), the violation is punishable by imprisonment for not more than 4 years or a fine of not more than $2,000.00, or both. Subdivision (b) provides that if the individual has one prior conviction for violating SORA (SORA-2), the violation is punishable by imprisonment for not more than 7 years or a fine of not more than $5,000.00, or both. Finally, Subdivision (c) provides that if the individual has two or more prior convictions under SORA (SORA-3), the violation is punishable by imprisonment for not more than 10 years or a fine of not more than $10,000.00, or both. Reading SORA, the habitual-offender provisions, and the sentencing guidelines (MCL 777.1 *et seq.*) *in pari materia* and the amendment history of those statutes indicated that the Legislature created three separate and distinct felonies in MCL 28.729(1) and that the Legislature intended by enacting SORA-2 and SORA-3 to elevate each offense, not merely enhance the punishment.

3. The Court of Appeals erred by interpreting MCL 28.729(1) and MCL 769.10 as directly conflicting. Defendant was charged with and convicted of SORA-2, MCL 28.729(1)(b), and not a violation of SORA generally. The longest term prescribed for a first conviction of SORA-2 under MCL 28.729(1)(b) is 7 years. MCL 769.10(1)(a) states that the court may sentence a defendant to a term of imprisonment 1½ times the longest term prescribed for a first conviction of that offense. Because defendant was subject to a 7-year maximum term of imprisonment for his SORA-2 conviction, the trial court appropriately exercised its discretion by sentencing defendant to 1½ times that statutory maximum, i.e., 10.5 years.

Court of Appeals' judgment reversed; case remanded to circuit court for reinstatement of original judgment of sentence.

Justice VIVIANO, joined by Justice BERNSTEIN, concurring in the result only, agreed with the majority that defendant's second conviction of failing to comply with SORA was subject to

sentence enhancement under the second-offense habitual-offender provision but would, however, have reached that conclusion on more limited grounds. Defendant conceded before the Supreme Court that SORA-2 is a separate felony subject to habitual-offender enhancement when he admitted that habitual-offender enhancement of a SORA-2 sentence is permissible in certain circumstances, but he provided no briefing on the point, leaving the Supreme Court without a full discussion of any arguments that might have run counter to the prosecution's position. Given defendant's concession regarding the prosecution's argument, the only question was whether defendant's SORA-1 conviction could be used as support for both convicting him of SORA-2 and enhancing his sentence as a second-offense habitual offender. While troubled by the prosecution's ability to do so, Justice VIVIANO nonetheless agreed with the majority's conclusion that it was permissible in this case. Nothing in the plain language of MCL 28.729 or MCL 769.10 prohibits the prosecution or the court from using defendant's SORA-1 conviction to support a double enhancement. Justice VIVIANO, however, would have limited that holding to this case and left open for another day the question whether MCL 28.729(1) creates three separate offenses or only one offense with escalating punishments and instead relied on defendant's concession to hold that, for the purposes of this case only, SORA-2 constitutes a separate felony offense subject to habitual-offender enhancement.

©2016 State of Michigan

# OPINION

Chief Justice:

Robert P. Young, Jr.

Justices:

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

FILED  June 15, 2016

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

No. 151843

FLOYD PHILLIP ALLEN,

Defendant-Appellee.

BEFORE THE ENTIRE BENCH

ZAHRA, J.

This case presents the question whether someone convicted of failing to comply with the Sex Offenders Registration Act (SORA)[1] as a second offender, MCL 28.729(1)(b) (SORA-2),[2] can be subject to sentence enhancement under the

---

[1] MCL 28.721 *et seq.*

[2] See note 33 of this opinion.

habitual offender act (HOA).[3] The trial court sentenced defendant as a second-offense habitual offender on the basis of his prior conviction for violating the registration requirements of MCL 28.729(1)(a) (SORA-1) and his instant conviction for violating MCL 28.729(1)(b) (SORA-2).[4] There can no dispute that at the time of sentencing, defendant had been convicted of two felonies. But because defendant could not be convicted of SORA-2 without first having been convicted of SORA-1, defendant maintains that his SORA-1 conviction cannot also be used under the HOA to enhance the sentence imposed for the SORA-2 conviction. The Court of Appeals agreed with defendant. We reverse. We hold that the sentence imposed for defendant's SORA-2 conviction can be enhanced under the habitual-offender statutes because the Legislature created separate offenses for subsequent violations of SORA. Nothing in SORA or the HOA precludes a sentencing court from enhancing the maximum sentence provided for SORA-2 by the applicable habitual-offender statute. This conclusion is consistent with Michigan caselaw addressing the application of the habitual-offender statutes to other recidivism statutory schemes. Accordingly, we reverse the judgment of the Court of Appeals, remand the case to the Ionia Circuit Court, and direct that court to reinstate

---

[3] MCL 769.10, MCL 769.11, MCL 769.12, and MCL 769.13. Specifically, defendant was charged under the second-offense habitual-offender statute, MCL 769.10(1)(a), which provides in relevant part that upon conviction of a second felony, the court may sentence the defendant to a term of imprisonment that is "1-1/2 times the longest term prescribed for a first conviction of that offense or for a lesser term."

[4] MCL 28.729(1)(c) covers violating SORA a third or subsequent time (SORA-3).

2

defendant's original judgment of sentence of 2 to 10.5 years as a second-offense habitual offender for his SORA-2 conviction.

## I. FACTS AND PROCEDURAL HISTORY

As a result of a 2007 misdemeanor conviction of fourth-degree criminal sexual conduct, defendant was required to register on the Michigan Sex Offender Registry semiannually for 25 years. Defendant failed to properly register and in February 2010 pleaded guilty of SORA-1, a felony, and was sentenced to 5 years' probation, with the first 4 months served in jail. On April 30, 2012, defendant registered his address as 6123 Clarksville Road in Clarksville, Michigan. He verified that address on January 9, 2013. In March 2013, Clarksville police received an anonymous tip that defendant was not living at the Clarksville Road address, but at 211 West Riverside. After investigating, police determined that the Clarksville Road address was vacant and that defendant was staying at 211 West Riverside, the home of his spouse.[5] Defendant was arrested for failing to comply with SORA. In June 2013, a jury convicted defendant of SORA-2. Although MCL 28.729(1)(b) provides for a maximum sentence of 7 years, the trial court sentenced defendant under MCL 769.10(1)(a) as a second-offense habitual offender to 2 to 10.5 years' imprisonment.[6]

---

[5] Defendant was found living with his spouse even though he was precluded from having any contact with her under the terms of his probation.

[6] See note 3 of this opinion.

3

Defendant appealed, arguing, among other things, that he is entitled to resentencing because the trial court erred when it enhanced his sentence under the habitual-offender provisions. The Court of Appeals vacated defendant's sentence and remanded for resentencing, concluding that the sentence imposed for defendant's SORA-2 conviction could not be enhanced under the applicable habitual-offender statute.[7]

The Court of Appeals noted that the "language of MCL 769.10(1)(a) directs a sentencing court to sentence the offender for a subsequent offense to a maximum term 'that is not more than 1½ times the longest term prescribed *for a first conviction* of that offense . . . .' "[8] The Court of Appeals concluded that MCL 28.729(1), which delineates SORA-1, SORA-2 and SORA-3, set forth *one* offense with escalating punishments for repeat convictions, stating:

> The maximum term prescribed for a first conviction of that offense is 4 years' imprisonment. MCL 28.729(1)(a). Thus, under MCL 769.10(1)(a) defendant would be subject to no more than 6 years' imprisonment—1½ times 4 years is 6 years. The trial court erred by basing defendant's sentence on 1½ times the maximum prison sentence (7 years) provided under MCL 28.729(1)(b) because that provision sets forth the punishment for a second conviction of failure to comply with SORA. The plain language of MCL 769.10(1)(a) clearly directs a court to enhance a sentence by increasing the longest term prescribed for a first conviction of the subsequent offense, not the longest term prescribed for a second conviction.[9]

---

[7] *People v Allen*, 310 Mich App 328; 872 NW2d 21 (2015).

[8] *Id*. at 349.

[9] *Id*. at 350.

As a result, the Court of Appeals concluded that SORA and the HOA conflicted because under the applicable habitual-offender statute, defendant was subject to not more than a 6-year prison sentence, while under SORA-2, MCL 28.729(1)(b), defendant was subject to a 7-year maximum sentence.[10] The Court of Appeals described MCL 28.729(1)(a) to (c) as "set[ting] forth the penalties for failing to comply with the requirements of SORA."[11] Because the maximum prison sentence prescribed under the applicable habitual-offender statute is different from the maximum prison sentence prescribed under SORA-2 the Court of Appeals concluded that "the two statutes irreconcilably conflict."[12] The Court of Appeals held that because SORA-2 specifically applies to subsequent violations of SORA, whereas the HOA generally applies to subsequent felony convictions, SORA is controlling and defendant's maximum sentence should have been 7 years.[13]

We granted leave to address "whether the second-offense habitual-offender enhancement set forth under MCL 769.10 may be applied to the sentence prescribed under MCL 28.729(1)(b)."[14]

---

[10] *Id*. at 350-351.

[11] *Id*. at 350.

[12] *Id*. at 350-351.

[13] *Id*. at 351.

[14] *People v Allen*, 498 Mich 910 (2015).

5

## II. STANDARD OF REVIEW AND RULES OF STATUTORY INTERPRETATION

We review de novo questions of statutory interpretation.[15] When interpreting a statute, courts must strive to give effect to the Legislature's intent.[16] "The focus of our analysis must be the statute's express language, which offers the most reliable evidence of the Legislature's intent."[17] The Legislature is presumed to have intended the meaning it plainly expressed in the statute.[18] When the statutory language is clear and unambiguous, judicial construction is not permitted and the statute is enforced as written.[19]

In this case we examine the interplay between several statutes: the HOA, SORA, and the sentencing guidelines, MCL 777.1 *et seq*. "[A] court's duty is to give meaning to all sections of a statute and to avoid, if at all possible, nullifying one by an overly broad interpretation of another."[20] More specifically, it is appropriate to read the sentencing guidelines and the HOA, which are part of Michigan's Code of Criminal Procedure,[21] "together with the substantive statutes that the Legisalture has enacted that define crimes

---

[15] *People v Hartwick*, 498 Mich 192, 209; 870 NW2d 37 (2015); *Hannay v Dep't of Transp*, 497 Mich 45, 57; 860 NW2d 67 (2014).

[16] *People v Watkins*, 491 Mich 450, 467; 818 NW2d 296 (2012).

[17] *Badeen v PAR, Inc*, 496 Mich 75, 81; 853 NW2d 303 (2014).

[18] *In re AJR*, 496 Mich 346, 353; 852 NW2d 760 (2014). See also *People v Likine*, 492 Mich 367, 387; 823 NW2d 50 (2012).

[19] *People v Gardner*, 482 Mich 41, 50; 753 NW2d 78 (2008).

[20] *Koenig v South Haven*, 460 Mich 667, 677; 597 NW2d 99 (1999).

[21] MCL 760.1 *et seq*.

and prescribes fines and costs."[22]  Thus, the sentencing guidelines, the HOA, and SORA should be read *in pari materia*.[23]

## III.  ANALYSIS

## A.  THE HABITUAL OFFENDER ACT

In 1927, Michigan enacted the HOA as part of Chapter IX of the Code of Criminal Procedure.[24]  It contains three sections to enhance sentences imposed on recidivist offenders.  MCL 769.10 applies to those sentenced for their second felony convictions, MCL 769.11 applies to those sentenced for their third felony convictions, and MCL 769.12 applies to those sentenced for their fourth or higher felony convictions.  This Court has repeatedly stated that, by enacting the HOA, "the legislature did not intend to make a separate substantive crime out of being a habitual offender but rather, for deterrent purposes, intended to augment the punishment for second or subsequent offenses."[25]

Importantly, in 1998 the Legislature expressly instructed courts when enhancement under the HOA is inapplicable.  Each of the three enhancement sections states: "A conviction shall not be used to enhance a sentence under this section if that

---

[22] *People v Cunningham*, 496 Mich 145, 156 n 8; 852 NW2d 118 (2014).

[23] *Id*. ("[T]he Penal Code and the Code of Criminal Procedure 'relate generally to the same thing and must therefore be read *in pari materia . . . .*' "), quoting *People v Smith*, 423 Mich 427, 442; 378 NW2d 384 (1985).

[24] See 1927 PA 175.

[25] *People v Shotwell*, 352 Mich 42, 46; 88 NW2d 313 (1958).

7

conviction is used to enhance a sentence under a statute that prohibits use of the conviction for further enhancement under this section."[26] We presume, as we must, that the Legislature was well aware of these provisions of the HOA when it amended SORA in 1999 to create SORA-1, SORA-2, and SORA-3.[27] We also presume that the Legislature was aware that Michigan courts had applied the HOA to other recidivism criminal statutes at the time the pertinent provisions of SORA became law.[28] Significantly, the Legislature added nothing to SORA to exempt it from application of the HOA.

The Legislature has also demonstrated that when it intends to do so, it is able to exclude particular categories of felonies from the HOA.[29] For example, the HOA was amended in 1978 to explicitly exclude application of the HOA to subsequent major

---

[26] MCL 769.10(3), MCL 769.11(3), and MCL 769.12(3), all as amended by 1998 PA 317.

[27] See *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 506; 475 NW2d 704 (1991) ("[T]he Legislature is presumed to act with knowledge of statutory interpretations by the Court of Appeals and this Court.").

[28] E.g., *People v VanderMel*, 156 Mich App 231, 232; 401 NW2d 285 (1986). The defendant in that case pleaded guilty of second-degree criminal sexual conduct, MCL 750.520c(1)(b), and having committed a second criminal sexual conduct offense, MCL 750.520f, and was sentenced as a second-offense habitual offender under MCL 769.10. The Court of Appeals held that both the recidivism criminal sexual conduct statute, MCL 750.520f, and the habitual-offender statute, MCL 769.10, could be concurrently applied. *Id*. at 235-237. In so holding, the Court of Appeals stated, "Because the Legislature has not prohibited concurrent application of MCL 750.520f and the habitual offender statutes, we decline to do so . . . ." *Id*. at 236-237 (citation omitted).

[29] *People v Bewersdorf*, 438 Mich 55, 72; 475 NW2d 231 (1991).

controlled substance offenses by adding the following language to MCL 769.10 and substantially similar language to MCL 769.11 and MCL 769.12:

> If the subsequent felony is a major controlled substance offense, the person shall be punished as provided by Act No. 196 of the Public Acts of 1971, as amended, being saections 335.301 to 335.367 of the Michigan Compiled Laws.[30]

The HOA makes no such exception for convictions under SORA's recidivism provisions, MCL 28.729(1)(a), (b), and (c). The Legislature has amended various criminal statutes to expressly prohibit application of the HOA to an offense,[31] but it has not seen fit to adopt

---

[30] MCL 769.10(1)(c), as amended by 1978 PA 77. See also MCL 769.11(1)(c), and MCL 769.12(1)(c), both as amended by 1978 PA 77. The reference was to the former Controlled Substances Act. Subsequently, 1988 PA 90 revised the reference to Chapter 74 of the Public Health Code, MCL 333.7401 *et seq*.

[31] For example, in 1998 PA 311, the Legislature revised the first-degree retail fraud statute, MCL 750.356c, to state:

> If the sentence for a conviction under this section is enhanced by 1 or more prior convictions, those prior convictions shall not be used to further enhance the sentence for the conviction pursuant to section 10, 11, or 12 of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.10, 769.11, and 769.12. [MCL 750.356c(6).]

Similar prohibitions against application of the habitual-offender sentence enhancements can be found in MCL 750.79(4) (intent to commit arson); MCL 750.131(5) (checks drawn on insufficient funds); MCL 750.157s(4) (use of revoked or canceled financial transaction devices with intent to defraud); MCL 750.157w(4) (use of financial transaction device in excess of funds with intent to defraud); MCL 750.174(11) (embezzlement); MCL 750.218(10) (false pretenses); MCL 750.356(9) (larceny); MCL 750.362a(8) (refusal/neglect to return rented vehicle); MCL 750.377a(4) (malicious destruction of personalty); MCL 750.535(11) (receiving or concealing stolen property); and MCL 750.540g(4) (unauthorized use of telecommunications services). "Courts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there." *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210, 501 NW2d 76 (1993).

9

a similar exception for SORA-2 and SORA-3 convictions, although it has had numerous opportunities to do so.[32]

There being no statutory bar to the application of the HOA to SORA, the trial court sentenced defendant as a second-offense habitual offender under MCL 769.10(1)(a), which states:

> If a person has been convicted of a felony or an attempt to commit a felony . . . and that person commits a subsequent felony within this state, the person shall be punished upon conviction of the subsequent felony . . . as follows:

> (a) If the subsequent felony is punishable upon a first conviction by imprisonment for a term less than life, the court . . . may place the person on probation or sentence the person to imprisonment for a maximum term that is not more than 1-1/2 times the longest term prescribed *for a first conviction of that offense* or for a lesser term. [Emphasis added.]

Defendant maintains, and the Court of Appeals agreed, that the words "that offense" refer to violations of SORA generally under MCL 28.729(1). Defendant's position is premised on the notion that MCL 28.729(1)(a) to (c) are merely sentence-enhancement provisions applicable when there are repeat violations of SORA. The prosecution contends, and the trial court agreed, that the words "that offense" refer to separate felony convictions under MCL 28.729(1), in this case SORA-2, MCL 28.729(1)(b). Accordingly, we must determine whether SORA sets forth a single

---

[32] The Legislature has amended SORA several times since its enactment and has elected to not preclude application of the habitual-offender provisions to a SORA-2 or SORA-3 conviction.

10

substantive offense with enhanced punishments for subsequent violations or whether SORA provides three separate and distinct substantive offenses for recidivist behavior.

## B. SORA CREATES THREE SEPARATE OFFENSES

There is strong textual support leading to the conclusion that the Legislature created three separate offenses in MCL 28.729(1).[33] When the Legislature enacted SORA in 1994, it delineated only one offense punishable by 4 years' imprisonment, a fine, or both.[34] Had that section been left in its original form, there would have been no doubt that subsequent violations of SORA would be subject to enhancements under the HOA and, for a second-offense habitual offender, the maximum sentence would be 6

---

[33] MCL 28.729(1) currently provides:

> [A]n individual required to be registered under this act who willfully violates this act is guilty of a felony punishable as follows:
>
> (a) If the individual has no prior convictions for a violation of this act, by imprisonment for not more than 4 years or a fine of not more than $2,000.00, or both.
>
> (b) If the individual has 1 prior conviction for a violation of this act, by imprisonment for not more than 7 years or a fine of not more than $5,000.00, or both.
>
> (c) If the individual has 2 or more prior convictions for violations of this act, by imprisonment for not more than 10 years or a fine of not more than $10,000.00, or both.

[34] MCL 28.729(1), as enacted by 1994 PA 295, provided:

> An individual required to be registered under this act who willfully violates this act is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $2,000.00, or both.

years, 1½ times the 4-year sentence. But the Legislature amended SORA in 1999 to set forth SORA-1, SORA-2 and SORA-3.[35] Simultaneously, the Legislature amended the sentencing guidelines, MCL 777.1 *et seq*., to address the SORA amendments.[36]

The sentencing guidelines expressly assign felonies an offense category and offense class, and MCL 777.11 to MCL 777.18 give descriptions of the offenses and identify the statutory maximum terms of imprisonment. Before the 1999 amendment of SORA that set forth SORA-1, SORA-2, and SORA-3, MCL 777.11 (as originally enacted by 1998 PA 317) identified MCL 28.729 as establishing one offense, a Class G felony,[37] punishable by up to 4 years' imprisonment and described as "Sex offenders—failure to register[.]" In 1999 PA 90, the Legislature amended MCL 777.11 to list SORA-1, SORA-2, and SORA-3 as separate and distinct offenses.[38] While the Legislature designated the three offenses as being in the offense category of "crimes against public

---

[35] 1999 PA 85, effective September 1, 1999.

[36] 1999 PA 90, effective September 1, 1999.

[37] All offenses to which the guidelines apply are classified in a manner that generally corresponds to the seriousness of the offense. This gradation of seriousness is indicated by the offense's class, which is designated by the letters "M2" (second-degree murder) and "A" through "H," in order of decreasing seriousness. For example, when scoring Prior Record Variable (PRV) 1, MCL 777.51, a "high severity felony conviction" is defined in part as a conviction for a "crime listed in class M2, A, B, C, or D"; when scoring PRV 2, MCL 777.52, a "low severity felony conviction" is defined in part as a conviction for a "crime listed in class E, F, G, or H[.]"

[38] At that time, MCL 28.729 was listed in MCL 777.11. Subsequently, 2002 PA 31 added several new sections to the guidelines, and MCL 28.729 became listed in MCL 777.11b.

order,"[39] it did not assign the same offense class to all three. Furthermore, the Legislature gave different descriptions for all three. SORA-1, MCL 28.729(1)(a), is a Class F felony, punishable by up to 4 years' imprisonment and described as "Failure to register as a sex offender, first offense[.]"[40] SORA-2, MCL 28.729(1)(b) is a Class D felony, punishable by up to 7 years' imprisonment and described as "Failure to register as a sex offender, second offense[.]"[41] SORA-3, MCL 28.729(1)(c) is a Class D felony, punishable by up to 10 years' imprisonment and described as "Failure to register as a sex offender, third or subsequent offense[.]"[42] The Legislature's references to SORA-1, SORA-2, and SORA-3 as individual offenses, its classification of these offenses in two different offense classes, and its differing offense descriptions and penalties demonstrate that the Legislature intended these offenses to be separate and distinct felonies that elevate in severity for recidivist behavior.

Having concluded that SORA does indeed create three separate offenses, we return to the provision of the HOA at issue:

> If the subsequent felony is punishable upon a first conviction by imprisonment for a term less than life, the court . . . may place the person on probation or sentence the person to imprisonment for a maximum term

---

[39] MCL 777.5(d); MCL 777.11b. All offenses to which the sentencing guidelines apply belong to one of six offense categories: crimes against a person, crimes against property, crimes involving a controlled substance, crimes against public order, crimes against public trust, and crimes against public safety. MCL 777.5(a) to (f).

[40] MCL 777.11b.

[41] *Id*.

[42] *Id*.

that is not more than 1-1/2 times the longest term prescribed for a *first conviction of that offense* or for a lesser term.[43]

The words "first conviction of that offense" plainly refer to "the subsequent felony" identified in the first part of the sentence. Defendant's subsequent felony is his conviction in June 2013 of SORA-2, which is punishable by a maximum of 7 years' imprisonment.

We conclude that the Court of Appeals erred by interpreting MCL 28.729(1) and MCL 769.10 as directly conflicting. Defendant was charged with and convicted of SORA-2, MCL 28.729(1)(b), and not a violation of SORA generally. We must then consider the longest term prescribed for a first conviction of SORA-2 under MCL 28.729(1)(b), which, again, is 7 years. MCL 769.10(1)(a) states that the court may sentence a defendant to a term of imprisonment 1½ times the longest term prescribed for a "first conviction of *that offense*."[44] The Court of Appeals, by holding that MCL 28.729(1) sets forth a single offense, erroneously read the phrase "that offense" as meaning any violation under MCL 28.729. Consequently, the Court of Appeals mistakenly concluded that the phrase "first conviction of that offense" in MCL 769.10(1)(a) referred to MCL 28.729(1)(a) (SORA-1) and, as a result, defendant's maximum sentence as a second-offense habitual offender would be 6 years. Rather, defendant was subject to a 7-year maximum term of imprisonment, and the trial court

---

[43] MCL 769.10(1)(a) (emphasis added).

[44] Emphasis added.

14

appropriately exercised its discretion in sentencing defendant to 1½ times that statutory maximum, i.e., 10.5 years.[45]

## C. CASELAW SUPPORTS APPLICATION OF THE HOA TO A SORA-2 CONVICTION

Michigan caselaw also supports our conclusion that a SORA-2 conviction can be enhanced under the HOA.  In *People v Bewersdorf*, one of the defendants, Bewersdorf, pleaded guilty of operating a motor vehicle while under the influence of intoxicating liquor, third offense (OUIL-3), a felony punishable by up to 5 years' imprisonment, and of being a second-offense habitual offender.[46]  The Court of Appeals panel in

---

[45] We do not quibble with the notion that the Legislature clearly set the maximum penalty for two convictions of violating SORA at 7 years.  Implicit in defendant's argument and the Court of Appeals' opinion is the notion that, having set that penalty, the Legislature could not have intended to also allow a sentencing court to impose a 10.5 year maximum sentence.  But as outlined in this opinion, it is clear that this is exactly what the Legiature intended. The Legislature was fully aware that sentence enhancement under the HOA is not mandatory, as vast discretion with regard to sentence enhancement is placed in the sentencing court and the prosecution.  A sentencing court can exercise the option to not enhance a defendant's sentence. See MCL 769.10(1)(a) ("[T]he court . . . . *may* place the person on probation or sentence the person to imprisonment for a maximum term that is not more than 1-1/2 times [the applicable term].") (emphasis added); *People v Turski*, 436 Mich 878 (1990).  In order to seek sentence enhancement under the HOA, the prosecuting attorney must file a written notice of intent to do so.  MCL 769.13.  The prosecutor thus has discretion not to seek habitual-offender sentence enhancement.  It is clear that the Legislature wanted to ensure that an offender violating SORA a second time would be subject to a maximum sentence of not less than 7 years, while vesting in the sentencing court and the prosecution discretion that could result in a maximum sentence of up to 10.5 years.

[46] *Bewersdorf*, 438 Mich at 60.  At the time, OUIL-3 was prohibited by MCL 257.625(6), as amended by 1987 PA 109, and punishable under MCL 257.902 as a 5-year felony. The offense is now operating a motor vehicle while intoxicated (OWI) and is a 5-year felony prohibited by MCL 257.625(9)(c).

15

*Bewersdorf*, much like the Court of Appeals panel in this case, vacated Bewersdorf's habitual-offender sentence enhancement, concluding that the two statutes stood in conflict and therefore the more specific sentencing scheme applicable to OUIL offenses under the Michigan Vehicle Code "prevail[ed] to the exclusion of the general habitual-offender statute."[47]

This Court reversed in part, concluding that while the HOA establishes a procedure for enhancing a sentence, it is clear that the OUIL provisions of the Michigan Vehicle Code established separate crimes.[48] We rejected the Court of Appeals' "forced construction that placed the two statutes in conflict," holding that the two statutes could be read to "dovetail harmoniously," thereby concluding that Bewersdorf's OUIL-3 conviction was subject to the habitual-offender provisions of the HOA.[49]

The statutory scheme in SORA, MCL 28.729(1), is similar to that currently establishing the OWI offenses (previously known as OUIL) in the Michigan Vehicle Code, MCL 257.625(9)(a) to (c). Both schemes establish three separate crimes, stating in the prefatory language that a violation will be punished as stated in the subparts and then creating a first offense, second offense, and third or subsequent offense.

---

[47] *People v Bewersdorf*, 181 Mich App 430, 433; 450 NW2d 271 (1989), aff'd in part and rev'd in part 438 Mich 55 (1991).

[48] *Bewersdorf*, 438 Mich at 68.

[49] *Id*. at 69-70 (quotation marks and citation omitted).

Just as *Bewersdorf* held that "OUIL-3 is a separate crime" from other OUIL offenses, the same is true of SORA.[50]  MCL 257.625(9) currently creates three separate crimes under Subdivision (a) (first offense), Subdivision (b) (second offense if committed within 7 years of a prior conviction), and Subdivision (c) (third or subsequent offense), and MCL 28.729(1) creates three separate crimes under Subdivision (a) (first offense), Subdivision (b) (second offense), and Subdivision (c) (third or subsequent offense). This is likewise true of other statutory schemes of commonly charged offenses, such as domestic violence, MCL 750.81(2) to (4).  In addition, our reasoning is consistent with other Court of Appeals cases that have addressed this issue.[51]

---

[50] *Id*. at 68. The OUIL provisions at issue in *Bewersdorf* differ from the SORA provisions in that the underlying offenses in *Bewersdorf* were misdemeanors and SORA-1, SORA-2, and SORA-3 are all felonies. Defendant complains that his sentence is inappropriate because his SORA-1 conviction was used to support his SORA-2 conviction and as the predicate to enhance his sentence as a second-offense habitual offender. While defendant objects to this, he offers no statutory or legal analysis to support the contention that his claimed double enhancement is inappropriate.  The critical point from *Bewersdorf* is that the OUIL provisions increased the punishment for each repeated offense, just as the SORA provisions do in the present case.  In fact, defendant concedes that there is no error in enhancing a SORA-2 sentence under the habitual-offender provisions as long as the habitual-offender enhancement is based on a felony other than a SORA violation.  Thus, to this extent, defendant agrees with our conclusion that MCL 28.729(1)(a) to (c) sets forth separate, elevated offenses.

[51] E.g., *People v Eilola*, 179 Mich App 315, 325; 445 NW2d 490 (1989) (holding that the habitual-offender provisions could be used to enhance a sentence for a conviction that constituted first-degree retail fraud because of a prior conviction, MCL 750.356c(2), as added by 1988 PA 20); *People v Brown*, 186 Mich App 350, 357; 463 NW2d 491 (1990) (reaffirming *Eiolola* and extending it by holding that the sentence could be enhanced using the same conviction used to elevate the offense (answering a question left open in *Eilola*)); *People v James*, 191 Mich App 480, 481-482; 479 NW2d 16 (1991) (holding that the habitual-offender statutes and the statute imposing a mandatory minimum 5-year sentence for a second offense of criminal sexual conduct may be concurrently applied);

17

Pursuant to the statutory analysis discussed earlier in this opinion, we conclude the Legislature intended in enacting SORA-2 and SORA-3 to elevate each offense, not merely the punishment. Thus, Michigan caselaw also supports our conclusion that a trial court can sentence defendant under SORA-2 as a second-offense habitual offender using his SORA-1 conviction.

## IV. CONCLUSION

We conclude that MCL 28.729(1) sets forth a recidivism statutory scheme that creates three separate felonies that elevate on the basis of repeat offenses. We further conclude that a SORA-2 sentence for recidivist behavior may be elevated under the second-offense habitual-offender statute, MCL 769.10(1)(a). Accordingly, the trial court

---

*People v Lynch*, 199 Mich App 422, 423-424; 502 NW2d 345 (1993) (relying on *Eilola* and *Bewersdorf* and citing *Brown* to hold that the habitual-offender provision could enhance a sentence for a recidivist conviction of fleeing and eluding). See also *People v Fetterley*, 229 Mich App 511, 540-541; 583 NW2d 199 (1998) ("[W]here a defendant commits a controlled substances offense, but is not subject to the enhancement provisions of the Public Health Code because, although the defendant is an habitual offender, there are no prior controlled substance offenses, enhancement under the habitual offender provisions is permitted. Where the legislative scheme pertaining to the underlying offenses elevates the offense, rather than enhances the punishment, on the basis of prior convictions, both the elevation of the offense and the enhancement of the penalty under the habitual offender provisions is [sic] permitted.") (citations omitted). But cf. *People v Honeycutt*, 163 Mich App 757, 760-763; 415 NW2d 12 (1987), in which the Court concluded that when a defendant has been convicted of felony-firearm (and the requisite underlying felony) and also found to be an habitual offender, the trial court must impose the mandatory two-year sentence for the felony-firearm conviction without enhancement by the HOA and then impose a sentence on the underlying felony with enhancement by the HOA, with the second sentence running consecutively to the felony-firearm sentence. While the felony-firearm statute creates a crime separate and distinct from the underlying felony, the felony-firearm statute mandates the imposition of a mandatory, determinate sentence, which would necessarily conflict with a trial court's discretion to impose an indeterminate sentence under the HOA. *Id*. at 760.

18

appropriately exercised its discretion when it sentenced defendant to a 10.5-year maximum term of imprisonment. The Court of Appeals erred when it vacated defendant's sentence and wrongly concluded that MCL 769.10 and MCL 28.729 conflict and that, as a result, defendant could only be sentenced to the 7-year maximum set forth in MCL 28.729(1)(b).

We reverse the judgment of the Court of Appeals, remand the case to the Ionia Circuit Court, and direct that court to reinstate defendant's original judgment of sentence of 2 to 10.5 years as a second-offense habitual offender for a second offense of failing to comply with the SORA reporting requirements, MCL 28.729(1)(b). Pursuant to MCR 7.315(C)(3), the Clerk of the Court is directed to issue the judgment order forthwith.

Brian K. Zahra
Robert P. Young, Jr.
Stephen J. Markman
Bridget M. McCormack
Joan L. Larsen

19

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v                                      No. 151843

FLOYD PHILLIP ALLEN,

        Defendant-Appellee.

_____

VIVIANO, J. (*concurring in the result only*).

I agree with the majority's conclusion that defendant's conviction of failing to comply with the Sex Offenders Registration Act (SORA),[1] second offense, under MCL 28.729(1)(b) (SORA-2), is subject to sentence enhancement under the second-offense habitual-offender provision, MCL 769.10(1)(a). I would, however, reach that conclusion on more limited grounds and therefore concur in the majority's result only.

The Court of Appeals held that the trial court erred by sentencing defendant as a second-offense habitual offender to a 10.5-year maximum for his SORA-2 conviction solely on the basis of his prior conviction under MCL 28.729(1)(a) (SORA-1).[2] In so doing, the Court of Appeals concluded, among other things, that MCL 28.729(1), which delineates SORA-1, SORA-2, and SORA-3,[3] sets forth one offense with escalating

---

[1] MCL 28.721 *et seq*.

[2] *People v Allen*, 310 Mich App 328, 349; 872 NW2d 21 (2015).

[3] MCL 28.729(1)(c).

punishments for repeat convictions.[4]  Before this Court, the prosecution argued: (1) that

SORA-1, SORA-2, and SORA-3 are separate and distinct chargeable offenses—not one

offense with escalating punishments as the Court of Appeals held; and (2) that nothing

precluded the trial court from using defendant's prior conviction of SORA-1 to both

support his SORA-2 conviction and enhance his sentence as a second-offense habitual

offender.

The majority spends a significant portion of the opinion discussing the

prosecution's first argument—i.e., whether SORA-2 is a separate felony subject to

habitual-offender enhancement.  However, I see no need to do so because defendant

conceded that point before this Court by admitting that habitual-offender enhancement of

a SORA-2 sentence is permissible in certain circumstances.[5]  And in conceding the issue,

defendant provided no briefing on it, leaving this Court without a full discussion of the

arguments that may run counter to the prosecution's position.[6]  In light of this lack of

---

[4] *Allen*, 310 Mich App at 350.

[5] Defendant's brief on appeal states, "In other words, had some other prior felony conviction (other than the previous conviction for Failing to Comply with SORA) been used to charge Mr. Allen as a 2nd Felony Habitual Offender, he could have been sentenced to a maximum of 10.5 years."  Defendant's brief further states:

> Admittedly, the prosecution's arguments have some validity under certain circumstances.  If the prosecution had relied upon a different prior (underlying) felony conviction, aside from the prior failure to comply with SORA (which elevated both the underlying offense to a 2nd offense and the sentence maximum from four years to seven years . . .), then the prosecution would have a valid argument.

[6] For example, a reasonable argument can be made that even though the sentencing guidelines suggest that SORA-1, SORA-2, and SORA-3 are separate offenses, the plain language of MCL 28.729(1) indicates that they are nothing more than provisions for

2

briefing, I would leave open for another day the question whether MCL 28.729(1) creates separate offenses or only one offense with escalating punishments and instead rely on defendant's concession to hold that, for the purposes of this case only, SORA-2 constitutes a separate felony offense subject to habitual-offender enhancement.

Given defendant's concession regarding the prosecution's first argument, we need only answer whether defendant's SORA-1 conviction can be used as support for both convicting him of SORA-2 and enhancing his sentence as a second-offense habitual offender. While I am troubled by the prosecution's ability to do so, I nonetheless agree with the majority's conclusion that it is permissible in this case. Nothing in the plain language of MCL 28.729 or MCL 769.10 prohibits the prosecution or the court from using defendant's SORA-1 conviction to support a double enhancement. And in this area of the law, the Legislature's silence is significant since, as the majority recognizes, the

---

increased punishments. See *People v Fetterley*, 229 Mich App 511, 540-541; 583 NW2d 199 (1998) ("Where the legislative scheme pertaining to the underlying offenses elevates the offense, *rather than enhances the punishment*, on the basis of prior convictions, both the elevation of the offense and the enhancement of the penalty under the habitual offender provisions is permitted.") (emphasis added). There is also an interesting distinction between MCL 28.729(1) and the statutes at issue in *People v Bewersdorf*, 438 Mich 55; 475 NW2d 231 (1991). SORA-1, SORA-2, and SORA-3 are all felonies with only increased punishment as their distinctions, whereas the drunk-driving provisions at issue in *Bewersdorf* escalated the severity of the offense from a 90-day misdemeanor, to a one-year misdemeanor, to a felony. *Id*. at 64, 71. Finally, a plausible argument may be made that SORA is a standalone act not subject to habitual-offender enhancement. See *People v Edmonds*, 93 Mich App 129, 135; 285 NW2d 802 (1979) ("As such, [the former Controlled Substances Act, former MCL 335.301 *et seq*.] represents this state's comprehensive policy toward the use of controlled substances. As a specific and comprehensive measure the act's sentence-augmentation provision controls over the general habitual offender statute."); see also *People v Honeycutt*, 163 Mich App 757, 761-762; 415 NW2d 12 (1987).

3

Legislature has clearly demonstrated that it knows how to exclude certain offenses from habitual-offender enhancement.[7]    First, in the habitual-offender provisions, the Legislature has excluded habitual-offender enhancement of subsequent felonies that are major controlled substance offenses.[8]   Second, in various acts throughout our statutory scheme, the Legislature has precluded use of the same prior conviction for double enhancement.[9]   However, even though the Legislature knows how to do so, it chose not to exclude convictions under MCL 28.729(1) from double enhancement.   Therefore, assuming for this case only that SORA-2 is a separate offense, I agree with the majority that nothing precludes the trial court from using defendant's SORA-1 conviction to both support his SORA-2 conviction and enhance his sentence as a second-offense habitual offender.[10]

Accordingly, I agree that the trial court did not err when it sentenced defendant as a second-offense habitual offender to a 10.5-year maximum sentence for his SORA-2 conviction.   However, I would limit that holding to this case for the reasons stated here and not decide whether SORA-2 is a separate offense subject to habitual-offender

---

[7] *Ante* at 8-10.

[8] See, e.g., MCL 769.10(1)(c) ("If the subsequent felony is a major controlled substance offense, the person shall be punished as provided by part 74 of the public health code, 1978 PA 368, MCL 333.7401 to 333.7461.").

[9] For example, MCL 750.356c(6), which pertains to first-degree retail fraud, reads, "If the sentence for a conviction under this section is enhanced by 1 or more prior convictions, those prior convictions shall not be used to further enhance the sentence for the conviction pursuant to [the habitual-offender statutes]."  See also *ante* at 9 n 31.

[10] See *People v Miller*, 498 Mich 13, 24-25; 869 NW2d 204 (2015).

4

enhancement because the issue was conceded by defendant.  Thus, I concur in the result only.

David F. Viviano
Richard H. Bernstein