# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 8, 2017

Plaintiff-Appellee,

v

No. 332077
Wayne Circuit Court

MARTELL WASHINGTON,

LC No. 15-007453-01-FC

Defendant-Appellant.

Before: SHAPIRO, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

Defendant, Martell Washington, was convicted by a jury of armed robbery, MCL 750.529, assault with intent to do great bodily harm less than murder, MCL 750.84, assault by strangulation, MCL 750.84(1)(b), using a computer to commit a crime, MCL 752.796, unauthorized use of a financial transaction device, MCL 750.157n(1), felon in possession of a firearm, MCL 750.224f, and second-offense possession of a firearm during the commission of a felony, MCL 750.227b, and was sentenced as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 37 to 70 years for the robbery, assault, and using-a-computer-to-commit-a-crime convictions and 10 to 15 years for the unauthorized-use-of-a-financial-device and felon-in-possessions convictions as well as a consecutive prison term of 5 years for the felony-firearm conviction. We affirm.

On appeal, defendant first argues that there was insufficient evidence to support the felon-in-possession, MCL 750.224f, and felony-firearm, MCL 750.227b, convictions. We disagree. This Court reviews a defendant's challenge to the sufficiency of the evidence de novo. *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015). When determining whether the prosecution presented sufficient evidence to support a conviction, we view the evidence in a light most favorable to the prosecution to decide whether a rational trier of fact could have found that the essential elements of the crime or crimes at issue were proved beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). Circumstantial evidence, as well as any reasonable inferences that may be drawn therefrom, can constitute sufficient proof of the essential elements of a crime. *People v Brantley*, 296 Mich App 546, 550; 823 NW2d 290 (2012). When reviewing a defendant's challenge to the sufficiency of the evidence, we are required to draw all reasonable inferences and make all credibility determinations in support of the jury's verdict. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

-1-

In order to find a defendant guilty of felon-in-possession, a jury must find that he or she possessed a firearm and had been previously convicted of a felony. MCL 750.224f; see also *People v Perkins*, 262 Mich App 267, 270-271; 686 NW2d 237 (2004), abrogated in part on other grounds by *People v Smith-Anthony*, 494 Mich 669; 837 NW2d 415 (2013). In order to find a defendant guilty of felony-firearm, a jury must find that he or she possessed a firearm during the commission or attempted commission of a felony. MCL 750.227b; see also *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). On appeal, defendant does not argue that the prosecution presented legally insufficient evidence to support a conclusion that he had been previously been convicted of a felony or that he participated in the commission of a felony at the relevant time in this case. Instead, he only argues that the prosecution presented legally insufficient evidence to support a conclusion that he possessed a firearm during the commission of the crimes at issue in this case. The term "firearm" is statutorily defined as follows: " 'Firearm' means any weapon which will, is designed to, or may readily be converted to expel a projectile by action of an explosive." MCL 750.222(e).

In this case, the prosecution's case relied largely on the testimony of the victim. The victim testified, in relevant part, that defendant threatened him with "[a] silver gun." When subsequently asked whether the gun was "a handgun," the victim answered affirmatively. This testimony, when viewed in a light most favorable to the prosecution, *Reese*, 491 Mich at 139, drawing all reasonable inferences and making all credibility determinations in support of the jury's verdicts, *Nowack*, 462 Mich at 400, constitutes legally sufficient evidence to support the jury' guilty verdicts on the felon-in-possession and felony-firearm charges. Defendant claims on appeal that "there was no evidence from which a jury could reasonably infer that [defendant] possessed a firearm[,]" but, in our view, the victim's testimony is precisely that. Defendant also claims on appeal that reversal is required because the prosecution did not disprove that the "silver gun" was not a "handgun designed or manufactured exclusively for propelling by a spring, or by gas or air, BB's not exceeding .117 caliber." See *People v Peals*, 476 Mich 636, 640; 720 NW2d 196 (2006). However, his position in this regard relies on a previous version of the statutory definition of the term "firearm." The current version, which is quoted above, was effective as of July 1, 2015, see 2015 PA 26, and the crimes at issue in this case were committed on July 3, 2015. Accordingly, we conclude that the prosecution presented sufficient evidence to support the felon-in-possession and felony-firearm convictions.

On appeal, defendant also argues that the trial court's 37-to-70-year prison sentence for his using-a-computer-to-commit-a-crime conviction, MCL 752.796, must be vacated because MCL 752.797(3)(d) only allows for a prison term of not more than 7 years under the facts and circumstances of this case. We disagree. MCL 752.796 prohibits a person from using a "computer program, computer, computer system, or computer network to commit, attempt to commit, conspire to commit, or solicit another person to commit a crime." The penalty for violating MCL 752.796 is determined based on the maximum sentence for the crime that was committed using the computer, which, in this case, was the unauthorized use of a financial transaction device, MCL 750.157n(1). Because MCL 750.157n(1) does not set forth a penalty for a violation of its provisions, the applicable prison term is required to be not more than 4 years. See MCL 750.503. Consequently, because a 4-year prison term falls between 4 and 10 years, MCL 752.797(3)(d) provides that the maximum sentence for a violation of MCL 752.796 premised on a violation of MCL 750.157n(1) would, ordinarily, be 7 years.

However, that is not the case here. On appeal, defendant fails to acknowledge that he was sentenced as a fourth-offense habitual offender. See MCL 769.12. Consequently, pursuant to MCL 769.12(1)(b), the trial court was permitted to sentence defendant, a fourth-offense habitual offender, to a prison term of up to life. While MCL 769.12(3) limits a court's authority to impose a sentence such as this in some circumstances, it does not appear that any of those circumstances are present here. Indeed, as indicated above, defendant does not even acknowledge his status as a fourth-offense habitual offender when making this argument on appeal. Furthermore, had the Legislature intended to prohibit the application of the habitual-offender enhancements to circumstances involving MCL 750.157n, MCL 752.796, or MCL 752.797, it certainly could have expressed such an intent. But, it did not. See *People v Allen*, 499 Mich 307, 317-318; 884 NW2d 548 (2016). Accordingly, we conclude that defendant is not entitled to resentencing with respect to his using-a-computer-to-commit-a-crime conviction.

Defendant's last argument on appeal challenges the trial court's scoring of offense variable (OV) 1, OV 2, and OV 10. He claims that all three OVs were scored erroneously and that resentencing is required. We disagree.

> Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by the statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013)]

With respect to OVs 1 and 2, defendant argues that each OV was improperly scored because there was insufficient evidence to support a conclusion that he possessed a firearm during the crimes at issue. OV 1 is to be scored at 15 points if a firearm was pointed at or toward a victim, MCL 777.31(1)(c), and OV 2 is to be scored at 5 points if the offender possessed or used a firearm (subject to some exceptions not applicable here), MCL 777.32(1)(d). Here, as discussed above, the victim expressly testified that defendant possessed a firearm during the crimes at issue. This testimony was sufficient to support the trial court's scoring of OVs 1 and 2, and we reject defendant's argument that "[t]he fact that no shots were fired preponderates in favor of a finding that [defendant] did not possess a pistol within the meaning of OV-1 and OV-2." A simple review of the language in MCL 777.31(1)(c) and MCL 777.32(1)(d) demonstrates that the Legislature did not include a requirement that "shots [be] fired" in order to score OV 1 at 15 points and OV 2 at 5 points. Accordingly, we conclude that the trial court correctly scored OV 1 and OV 2.

With respect to OV 10, defendant argues that "[t]he evidence show[s] that this was a purely opportunistic crime." OV 10 is to be scored at 15 points if "[p]redatory conduct was involved," MCL 777.40(1)(a), in the commission of the crimes at issue. Defendant claimed at sentencing and again argues on appeal that OV 10 should have been scored at 10, not 15 points. Even if we assume that defendant is correct, however, resentencing is not required. Defendant, a fourth-offense habitual offender, was sentenced based on an applicable minimum sentence range of 135 to 450 months, which was premised on his placement in OV Level III with a total OV score of 45 points. See MCL 777.62. Even if we were to reduce that total OV score by 5 points as requested by defendant, he would remain placed in OV Level III and would, therefore, be

subject to the same applicable minimum sentence range. When an alleged scoring error would not impact the appropriate minimum sentence range, resentencing is not required. See *People v Fransisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006); see also *People v Biddles*, 316 Mich App 148, 156; ___ NW2d ___ (2016). Accordingly, even if we assume that the trial court erroneously scored OV 10 at 15 points, resentencing is not required.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien