# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellant,

v

JOSHUA HARDING,

          Defendant-Appellee.

UNPUBLISHED
May 17, 2018

No. 337791
Ingham Circuit Court
LC No. 16-000931-FC

Before: SHAPIRO, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Defendant pled guilty, pursuant to a *Cobbs*[1] agreement, to assault with intent to murder, MCL 750.83; carrying a concealed weapon (CCW), MCL 750.227; and possession of a weapon in jail, MCL 801.262(2). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 20 to 60 years' imprisonment for the assault with intent to murder conviction, two to six years' imprisonment for the CCW conviction, and two to six years' imprisonment for the possession of a weapon conviction.[2] The prosecution appeals by delayed leave granted, disputing the 20-year minimum sentence imposed for defendant's assault conviction.[3] For the reasons set forth below, we vacate defendant's sentence and remand for resentencing.

Defendant's convictions arose out of a failed assault on an Ingham County Assistant Prosecutor at a courthouse in Lansing, Michigan, on August 2, 2016, just before the jury

---

[1] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

[2] The trial court ordered that defendant's sentence for the assault conviction would run consecutive to the sentence he was already serving for his 2016 criminal sexual conduct (CSC) conviction, the sentences for the other two convictions would run concurrent to the sentence for the assault conviction, and defendant would receive no credit for time served.

[3] *People v Harding*, unpublished order of the Court of Appeals, entered June 15, 2017 (Docket No. 337791) (granting leave limited to the issues raised in the application).

delivered their guilty verdict in defendant's trial on criminal sexual conduct.[4]  As the jury was returning to the courtroom after announcing that it had reached a verdict, defendant pulled a sharpened piece of metal out of his sleeve and charged toward the prosecutor, aiming for the prosecutor's head and upper torso.  Defendant admitted in an interview that he was aiming for the prosecutor's neck to cause him great injury, and that he wanted to take the prosecutor's life because he felt that the prosecutor was taking his life.

Defendant was charged with the above offenses in relation to the incident.  On the day set for trial, defendant requested a *Cobb's* evaluation from the trial court.[5]  The trial court advised defendant that the court would sentence defendant to a 20-year minimum sentence to run consecutive to defendant's current sentence for his CSC convictions.  At the plea hearing, the trial court invited the prosecutor to offer objections, and the prosecutor responded that the court could not issue such a sentence because the habitual offender statute, MCL 769.12, requires a 25-year minimum sentence.  The trial court then repeated its intention to impose a 20-year minimum sentence.  After the prosecutor raised the issue at the sentencing hearing, the trial court stated that it would adhere to the preliminary evaluation, and imposed a 20-year minimum sentence to run consecutive to defendant's convictions for criminal sexual conduct.

The prosecution appeals arguing that the trial court's failure to impose the mandatory minimum sentence under the statute constitutes error.  We agree.[6]  Defendant was subject to sentencing enhancement as a fourth-offense habitual offender under MCL 769.12(2).  That statute provides for a mandatory minimum of 25 years under certain circumstances:  It provides:

> If the subsequent felony is a serious crime or a conspiracy to commit a serious crime, and 1 or more of the prior felony convictions are listed prior felonies, *the court shall sentence the person to imprisonment for not less than 25 years.*  Not more than 1 conviction arising out of the same transaction shall be considered a prior felony conviction for the purposes of this subsection only. [Emphasis added.]

It is undisputed that defendant was previously convicted of assault with intent to commit CSC in violation of MCL 750.520g, which is included as one of the "listed prior felonies" under MCL

---

[4] Specifically, defendant was charged with one count of criminal sexual conduct in the second degree, MCL 750.520c, and one count criminal sexual conduct in the fourth degree, MCL 750.520e.

[5] With a *Cobbs* evaluation, a trial "judge may state on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense." *Cobbs*, 443 Mich at 283.  Based on the *Cobbs* evaluation, a defendant can enter into a *Cobbs* agreement with the trial court in which he pleads guilty to all charges with no agreements or understandings with the prosecution, but the defendant has the option to withdraw his plea if the trial court does not sentence him as previously indicated.  MCR 6.310(B)(2)(b).

[6] "This Court reviews questions of statutory interpretation de novo." *People v Buehler*, 477 Mich 18, 23; 727 NW2d 127 (2007).

769.12(6)(a)(*iii*). Additionally, defendant pled guilty to assault with intent to commit murder in violation of MCL 750.83 as one of the charges in the instant offense, which constitutes a "serious crime" under MCL 769.12(6)(c). Moreover, during the plea hearing, defendant admitted that he had been convicted of three previous felonies that qualified him for habitual-offender status. He therefore falls within the scope of MCL 769.12(1)(a).

The statute provides that "the court shall" impose a minimum term of not less than 25 years. "The Legislature's use of the term 'shall' indicates that this is a mandatory directive." *People v Comer*, 500 Mich 278, 289 n 26; 901 NW2d 553 (2017), and the Michigan Supreme Court has recognized MCL 769.12(1)(a) as an example of a mandatory minimum sentence. *People v Lockridge*, 498 Mich 358, 425 n 13; 870 NW2d 502 (2015). Accordingly, the trial court, like this Court, could not disregard the mandatory minimum sentence. *People v Allen*, 499 Mich 307, 315; 884 NW2d 548 (2016).[7]

We reject defendant's argument that the prosecution was precluded from pursuing the issue on appeal by its failure to object to the imposition of the 20-year minimum sentence. During the plea hearing and defendant's sentencing, the prosecutor told the court that the 20-year minimum sentence could not be lawfully imposed. At the plea hearing the prosecution's statements came in response to the court's invitation to objections. The issue was preserved.

We vacate defendant's sentence and remand for the trial court to resentence defendant consistent with this opinion. The case returns to "the trial court in a presentence posture[.]" *People v Rosenburg*, 477 Mich 1076; 729 NW2d 222 (2007).[8] Defendant should be given an opportunity to affirm or withdraw his plea pursuant to MCR 6.310(B)(2)(b), considering that the trial court would be unable to sentence defendant pursuant to the *Cobbs* agreement. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien

---

[7] We share the trial court's concern about the wisdom of mandatory minimum sentences.

[8] "Supreme Court orders that include a decision with an understandable rationale establish binding precedent." *People v Giovannini*, 271 Mich App 409, 414; 722 NW2d 237 (2006).