## PEOPLE v BEAL

Docket No. 115181. Submitted September 28, 1989, at Grand Rapids. Decided November 1, 1989.

George W. Beal, on October 17, 1988, in the Kent Circuit Court pled guilty of uttering and publishing a forged instrument on June 30, 1988. The trial court, R. Stuart Hoffius, J., using the second edition of the sentencing guidelines, imposed a prison sentence of five to fourteen years. Defendant appealed, claiming that he should have been sentenced under the first edition of the sentencing guidelines and given credit for time he spent incarcerated prior to sentencing.

The Court of Appeals *held:*

1. Pursuant to Supreme Court Administrative Order No. 1988-4, which was entered on June 7, 1988, the second edition of the sentencing guidelines must be used when imposing a sentence on or after October 1, 1988, for any offense included in the guidelines. Defendant's claim that use of the second edition of the guidelines in his case amounted to a violation of the constitutional prohibition against ex post facto laws is without merit. That prohibition deals with statutory enactments, whereas the guidelines are merely a tool for the trial judge in the exercise of his sentencing discretion.

2. To receive credit at the time of sentencing for time spent in incarceration prior to conviction of an offense, a defendant must have been incarcerated for the offense of which he is convicted and not for an offense or circumstance unrelated to the conviction. Here, the incarceration for which defendant claims he should have been given credit was not related to his conviction for uttering and publishing. Thus, defendant was not entitled to the sentence credit he claimed.

Affirmed.

1. CRIMINAL LAW — SENTENCING GUIDELINES.

The second edition of the sentencing guidelines, effective October

REFERENCES

Am Jur 2d, Criminal Law §§ 548, 590, 599.

Right to credit for time in custody prior to trial or sentence. 77 ALR3d 182.

1, 1988, must be used when imposing a sentence on or after that date for any offense included in the guidelines.

2. CRIMINAL LAW — SENTENCE CREDIT — UNRELATED OFFENSES.

To receive credit at the time of sentencing for time spent in incarceration prior to conviction of an offense, a defendant must have been incarcerated for the offense of which he is convicted and not for an offense or circumstance unrelated to the conviction (MCL 761.11b; MSA 28.1083[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Lawyer, and *Gregory T. Boer,* Assistant Prosecuting Attorney, for the people.

*Jeffrey P. Kirchhoff,* for defendant on appeal.

Before: HOLBROOK, JR., P.J., and MACKENZIE and NEFF, JJ.

PER CURIAM. Defendant pled guilty to uttering and publishing, MCL 750.249; MSA 28.446, and was sentenced to five to fourteen years of imprisonment. He appeals as of right. We affirm.

The uttering and publishing offense occurred on June 30, 1988. Defendant's guilty plea was entered on October 17, 1988, and he was sentenced on November 22, 1988. On June 7, 1988, the Supreme Court entered Administrative Order No. 1988-4, authorizing issuance of the second edition of the sentencing guidelines, to be effective October 1, 1988. 430 Mich ci (1988). Defendant was sentenced under the second edition guidelines. On appeal, defendant contends that, because the offense occurred while the first edition of the guidelines was in effect, he should have been sentenced under that edition. We disagree.

Under the express language of the administrative order, "every judge of the circuit court and of

the Recorder's Court for the City of Detroit must [as of October 1, 1988] use the second edition of the sentencing guidelines when imposing a sentence for an offense that is included in the guidelines." Thus, sentencing under the second edition was mandatory in this case. Defendant's claim that this amounts to a violation of the constitutional prohibition against ex post facto laws is not well taken. That prohibition deals with statutory enactments, whereas the guidelines are merely a tool for the trial judge in the exercise of his sentencing discretion. See *People v Hearn,* 159 Mich App 275; 406 NW 2d 211 (1987). In any event, the order mandating use of the second edition of the guidelines as of October 1, 1988, was entered prior to the date defendant committed the offense, and thus cannot be characterized as action taken "after the fact."

Defendant next contends that the trial court erred in failing to give him credit for time served between the date of his arraignment on the uttering and publishing charge and the date of sentencing. Defendant's claim is based on the following facts. On July 8, 1988, defendant was arrested on a charge of felonious assault and jailed. At the time, defendant was on parole. On July 21, 1988, defendant was arraigned on the assault charge and was placed under a parole detained. Defendant was arraigned on the instant uttering and publishing charge on July 26, 1988. Subsequently, bond was set in the uttering and publishing case, but because of the detainer defendant remained in jail. Defendant pled guilty to both charges in October, 1988. He was sentenced on the assault conviction on November 17, 1988, receiving credit for time served since July 8. He was sentenced in the instant case on November 22, 1988, and did not receive credit for time served.

On these facts, defendant was not entitled to credit for time served in the uttering and publishing case. The purpose of the sentence credit statute, MCL 769.11b; MSA 28.1083(2), is to grant credit for any presentence time served "for the offense of which [the defendant] is convicted," and not for any other conviction. *People v Prieskorn,* 424 Mich 327; 381 NW2d 646 (1985). In this case, defendant was not serving time for uttering and publishing prior to his sentencing, but was being held pursuant to the unrelated parole detainer. He was therefore not entitled to any credit for time served when the sentence in this case was imposed.

Affirmed.