*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
April 18, 2024

v

No. 361076
Wayne Circuit Court
LC No. 17-010721-01-FC

JAUWAN TIMS,

Defendant-Appellant.

Before: JANSEN, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

After remand for resentencing from this Court,[1] defendant appeals as of right his resentencing of 10 to 40 years' imprisonment on his conviction of assault with intent to do great bodily harm (AWIGBH), MCL 750.84; 10 to 40 years' imprisonment on his conviction of unarmed robbery, MCL 750.530; and two years' imprisonment on his conviction of possession of a firearm (pneumatic gun) during the commission of a felony (felony-firearm), MCL 750.227b(1). We affirm, but remand solely for the ministerial correction of defendant's judgment of sentence to fully and properly reflect credit for jail time served.[2]

## I. BACKGROUND

This case arises from an assault and robbery, during which, defendant used a BB gun to violently beat and rob the victim. In April 2018, defendant was found guilty of AWIGBH, unarmed robbery, felonious assault, and felony-firearm. The trial court sentenced him to 20 to 40

---

[1] *People v Tims*, unpublished per curiam opinion of the Court of Appeals, issued March 19, 2020 (Docket No. 344222).

[2] This Court held this appeal in abeyance "pending the issuance of an opinion or order by our Supreme Court disposing of *People v Enciso*, Supreme Court Docket No. 162311." *People v Tims*, unpublished order of the Court of Appeals issued December 12, 2022 (Docket No. 361076). *Enciso* has now been resolved. *People v Enciso*, 989 NW2d 243 (2023).

years' imprisonment for the AWIGBH conviction, 10 to 40 years' imprisonment for unarmed robbery, 4 to 15 years' imprisonment for felonious assault, MCL 750.82, and a two-year consecutive term of imprisonment for felony-firearm. Defendant was initially awarded 215 days of jail credit.

Defendant appealed his convictions and sentences, and this Court vacated defendant's conviction of felonious assault and his sentence for AWIGBH, remanding for resentencing on the AWIGBH conviction.[3] In March, 2021, the trial court held a scheduling conference concerning defendant's resentencing. Arthur Landau, counsel for defendant, waived defendant's presence at the conference, and indicated his client would waive personal appearance at the resentencing and allow the resentencing to be conducted by Zoom.

In June 2021, the trial court held defendant's resentencing hearing for the AWIGBH conviction by Zoom and defendant participated in that hearing. The trial court resentenced defendant to 10 to 40 years' imprisonment for the AWIGBH conviction, to be served concurrently with the 10 to 40-year unarmed robbery sentence. The sentences were to be served consecutively to the two-year felony-firearm sentence. The trial court further determined defendant was entitled to 1,155 days of credit for his time served. The June 2021 judgment of sentence applied this credit solely to defendant's felony-firearm sentence. Defendant now appeals the June 2021 judgment of resentence.[4]

## II. PHYSICAL PRESENCE REQUIREMENT

Defendant argues he is entitled to resentencing because he did not waive his constitutional right to be present at the resentencing hearing, and his physical absence and appearance by Zoom constitutes plain error rendering his sentencing fundamentally unfair. We disagree.

"This Court [generally] reviews de novo constitutional issues. . . ." *People v Wiley*, 324 Mich App 130, 150; 919 NW2d 802 (2018). To preserve claims of error, a party must object before the lower court. See *People v Pipes*, 475 Mich 267, 277; 715 NW2d 290 (2006). To preserve for review a constitutional error claim implicating a defendant's due-process rights, the issue must be raised in the trial court. *People v Williams*, 245 Mich App 427, 430-431; 628 NW2d 80 (2001). Defendant did not argue he was entitled to an in-person resentencing hearing. Therefore, we review defendant's unpreserved constitutional claim for plain error affecting his substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). Under the plain-error rule, a defendant must show: 1) an error occurred, 2) the error was plain, meaning, clear or obvious, 3) and the plain error affected substantial rights, meaning it prejudiced defendant by

---

[3] *Tims*, unpub op at 14-15. Defendant sought leave to appeal from our Supreme Court, which denied leave. *People v Tims*, 506 Mich 1025; 951 NW2d 673 (2020).

[4] In September 2021, the trial court amended defendant's judgment of resentence, increasing the jail credit from 1,155 days to 1,366 days, again applying the credit to defendant's felony-firearm conviction. In April 2022, the trial court amended defendant's judgment of resentence yet again, this time adding language to reflect defendant was sentenced as a fourth-offense habitual offender, MCL 769.12.

affecting the outcome of the proceedings. *Id*. at 763. If defendant satisfies those requirements, we then must determine whether the plain error seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of defendant's innocence. *Id*. at 763-764 (quotation marks and citations omitted).

It has long been held that a defendant has the right to be physically present during the imposition of sentence. See, e.g., *People v Heller*, 316 Mich App 314, 318; 891 NW2d 541 (2016). In this case, during the March 2021 scheduling conference for defendant's resentencing, the following exchange occurred:

> *THE COURT*: Uhm, I guess a question comes up, Mr. Landau, uhm, to your knowledge, will your client waive his right to appear live.
>
> Uh, that is, will he—
>
> *MR. LANDAU*: I believe he will, Your Honor.
>
> *THE COURT*: All right.
>
> So, we can do this by Zoom, is that correct?
>
> *MR. LANDAU*: That's correct, Your Honor.
>
> *THE COURT*: All right.

Not only did defendant fail to object to the hearing being held remotely, Landau agreeing that the resentencing could be held by Zoom voluntarily and intentionally relinquished defendant's right to contest a remote resentencing hearing on appeal. See *People v Kowalski*, 489 Mich 488, 505; 803 NW2d 200 (2011) (holding that an issue was waived—as opposed to merely forfeited—as a result of counsel's express indication that she did not object to the jury instructions provided by the trial court). See also *People v Buie*, 491 Mich 294, 316-317; 817 NW2d 33 (2012) (holding that defense counsel's statement that she would "leave that to the Court's discretion" waived any arguments relating to the defendant's right of confrontation).

III. JAIL CREDIT

Defendant argues the trial court committed plain error in failing to grant credit for time served on his unarmed robbery and AWIGBH convictions. Defendant argues this violated MCL 769.11b, the Double Jeopardy Clause, US Const, Am V, and the Due Process Clause, US Const, Am XIV. We disagree, but remand for ministerial purposes.

A double jeopardy challenge presents a question of constitutional law reviewed de novo on appeal. *People v Ream*, 481 Mich 223, 226; 750 NW2d 536 (2008). To preserve a double jeopardy violation for appellate review, a defendant must object at the trial court level. See, e.g., *People v Meshell*, 265 Mich App 616, 628; 696 NW2d 754 (2005). A double jeopardy issue was not raised, addressed, or decided by the trial court and is therefore unpreserved for appellate review. We review an unpreserved double jeopardy claim for plain error affecting defendant's substantial rights. *Id*. at 628. We similarly review defendant's due-process argument for plain

-3-

error affecting substantial rights because it was not raised, addressed, or decided by the trial court. See *People v Metamora Water Serv*, *Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007).

"Whether a defendant is entitled to credit for time served in jail before sentencing is a question of law that we review de novo." *People v Armisted*, 295 Mich App 32, 49; 811 NW2d 47 (2011). However, we review an unpreserved sentencing credit error, such as the present one, for plain error. *People v Clark*, 315 Mich App 219, 224; 888 NW2d 309 (2016). Under the plain-error rule, a defendant must show: 1) an error occurred, 2) the error was plain, meaning, clear or obvious, 3) and the plain error affected substantial rights, meaning it prejudiced defendant by affecting the outcome of the proceedings. *Carines*, 460 Mich at 763. If defendant satisfies those requirements, this Court must determine whether the plain error seriously affected "the fairness, integrity, or public reputation of the judicial proceedings independent of defendant's innocence." *Id*. at 763-764 (quotation marks and citations omitted).

Defendant correctly asserts it would be plain error affecting his substantial rights if the trial court only applied his 1,366 days of credit to his two-year felony-firearm sentence. And in fact, the judgment of resentence and the amended judgments of resentence indicate his credit was only applied to his two-year felony-firearm sentence. However, because the Michigan Department of Corrections (MDOC) applied defendant's full jail credit to his sentences, there is no plain error affecting defendant's substantial rights.

Michigan's jail credit statute, MCL 769.11b, states:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

In enacting MCL 769.11b, the "Legislature sought . . . to give a criminal defendant a right to credit for any presentence time served for the offense of which he is convicted. . . ." *People v Adkins*, 433 Mich 732, 737; 449 NW2d 400 (1989) (quotation marks and citation omitted). Relatedly, sentence credit under the Double Jeopardy Clause is required for confinements amounting to time spent in jail. *People v Reynolds*, 195 Mich App 182, 184; 489 NW2d 128 (1992). And "to avoid placing a defendant in double jeopardy by punishing him twice for the same offense, a judge must subtract the initial jail term from any term of incarceration he imposes. . . ." *People v Harper*, 479 Mich 599, 631; 739 NW2d 523 (2007).

The purpose of MCL 769.11b "is to grant credit for any presentence time served for the offense of which [the defendant] is convicted, and not for any other conviction." *People v Beal*, 182 Mich App 184, 187; 452 NW2d 214 (1989) (quotation marks and citation omitted; alteration in original). Thus, by its plain language, a defendant's jail credit is only applied to related convictions. See *People v Idziak*, 484 Mich 549, 560-561; 773 NW2d 616 (2009). In applying jail credit, if there is a consecutive sentence, the jail credit should be given on the sentence to be served first. *People v Alexander*, 207 Mich App 227, 229; 523 NW2d 653 (1994). Any excess jail credit should then be applied to the remaining related charges. When duly owed jail credit is

not applied to a defendant's sentence, this is considered prejudice sufficient to establish plain error. See *People v Allen*, 507 Mich 597, 613-617; 968 NW2d 532 (2021).

In April 2018, defendant was sentenced to 20 to 40 years' imprisonment for AWIGBH, 10 to 40 years' imprisonment for unarmed robbery, 4 to 15 years' imprisonment for felonious assault, and a two-year consecutive term for felony-firearm. Defendant was awarded 215 days of jail credit to the two-year felony-firearm sentence. There was no excess credit to be placed on the AWIGBH, unarmed robbery, and felonious assault sentences at that time because they were to be served consecutively to the felony-firearm sentence. However, this Court vacated defendant's conviction of felonious assault and his sentence for AWIGBH, remanding for resentencing on the AWIGBH conviction.[5] In June 2021, defendant was resentenced. At that time, 1,151 days had passed since defendant's April 2018 sentencing hearing. Thus, at the time of resentencing, defendant had served 1,151 days in prison, had already completed his two-year felony-firearm sentence, and had begun to serve his sentences on the AWIGBH and unarmed robbery convictions. Although the 1,155 days applied in the June 2021 judgment of resentence was erroneously calculated, the trial court rectified its mistake, applying 1,366 days of credit to both the September 2021, and April 2022 amended judgments of resentence. The 1,366 days of credit in the September 2021 and April 2022 amended judgments of resentence accurately reflects the total amount of jail credit, i.e., 215 days, and the total amount of time defendant was incarcerated between the April 2018 sentencing and the June 2021 resentencing, i.e., 1,151 days.

It appears the 215 days of jail credit and the 1,151 days of credit for the time defendant had spent incarcerated since his April 2018 sentence (1,366 days of total credit) have been applied to his sentence by MDOC. With no credit applied to the AWIGBH and unarmed robbery sentences, defendant's earliest release date would be June 15, 2033. However, MDOC's Offender Tracking Information System (OTIS) reflects defendant's earliest release date is September 17, 2029. There are 3,016 days between defendant's date of sentencing and his earliest release date. Subtracting the 3,016 days from the 12-year minimum (4,382 days), indicates 1,366 days of credit have been applied to defendant's felony-firearm sentence and the concurrent AWIGBH and unarmed robbery sentences.

Further, the prosecution indicated in June 2022, they received written confirmation from MDOC's Time Computation Unit, verifying defendant received the full benefit of the jail credit listed in the April 2022 amended judgment of resentence. Based on the information provided in OTIS and the prosecution's verification, it appears the full jail credit has been applied to defendant's sentences, thereby rendering defendant's argument moot. Specifically:

> It is well established that a court will not decide moot issues. . . . It is universally understood . . . that a moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, . . . or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy. [*People v Richmond*, 486 Mich 29, 34-35; 782 NW2d 187 (2010) (quotation marks and citations omitted).]

---

[5] *Tims*, unpub op at 14-15.

Therefore, we decline to consider whether there is plain error.

However, because the latest judgment of resentence does not accurately reflect this status, we remand solely for the ministerial purpose of correcting the judgment of resentence to reflect the full jail credit has been applied to defendant's AWIGBH and unarmed robbery sentences. See *People v Herndon*, 246 Mich App 371, 392-393; 633 NW2d 376 (2001) (holding defendant was not entitled to a resentencing hearing to correct the judgment of sentence because the correction is an administrative task).

## IV.  CONCLUSION

We affirm, but remand solely for the ministerial correction of defendant's judgment of sentence as indicated in this opinion.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael F. Gadola